GARDINER, Judge.
The plaintiff, Louis P. Weigel, filed this suit in forma pauperis against the defendants, New Orleans Board of Trade and its workmen’s compensation insurer, Aetna Life and Casualty, seeking to recover workmen’s compensation benefits in the amount of $35.00 per week not to exceed four hundred weeks for total and perm’anent disability, together with 5% per annum interest on past due payments until paid and a lump sum payment of all accrued amounts and $2,500.00 with interest at the rate of 5% per annum from date of judicial demand until paid and for all medical expenses. He also prays that expert fees be taxed as costs and the defendant be ordered to pay all costs and attorney’s fees, with a penalty of 12% on all accrued compensation payments. He alleged that his *593 total and permanent disability was caused by pneumoconiosis as the result of his breathing dust while working as a weigh-master in the grain elevator of his employer, the New Orleans Board of Trade, in New Orleans, Louisiana.
The defendants answered and denied that the plaintiff is totally and permanently disabled.
Following a trial on the merits, judgment was rendered in favor of the plaintiff and against the defendants awarding him compensation benefits at the rate of $35.00 per week for the period beginning November 25, 1967, for the duration of his disability not to exceed four hundred weeks with interest at the rate of 5% per annum on each past due installment from its due date until paid, and awarded expert fees to Dr. Gray Parker and Dr. John B. Bobear in the amount of $100.00 each, which was taxed as costs, and the defendants were ordered to pay all costs of the proceedings. From that judgment, the defendants have appealed.
The plaintiff answered the appeal and prayed that the judgment be amended to include an award of medical expenses incurred and statutory penalties and attorney’s fees.
The record discloses that Weigel was employed by the New Orleans Board of Trade between June 16, 1955, and December, 1956, and was reemployed on July 15, 1957, until November 25, 1967, as a weighmaster at the employer’s grain elevator.
The plaintiff testified that he developed symptoms of a nonproductive cough, shortness of breath and wheezing, and that sometime between September and November of 1967, he was X-rayed and given a breathing test by a public health mobile X-ray unit which, he was informed, was conducting experiments on the effects of inhalation of dust; after which he received a letter informing him that he should see his doctor. He testified that he had been suffering from shortness of breath when working with the grain, and that in the summer of 1967, he noticed that he became short of breath early in the day. He stated that the ventilation in the grain elevator was poor, consisting only of many windows and a dust collector which operated as a fan to suck the dust out but that it was not very effective. He said that although it was not compulsory to wear a mask, he did wear one, but that it was no more effective than a handkerchief would have been.
Dr. Gray Parker testified that he has treated the plaintiff consistently since 1948 for a heart condition, occasional respiratory infections and bronchiectasis, and that in 1965 Weigel was complaining of wheezing and shortness of breath which he associated with inhalation of dust in the grain elevator in which he worked, and Dr. Parker agreed that this was the cause of his difficulties since he experienced these complaints while working but not on his days off. Dr. Parker stated that he continued to treat Weigel for this condition in 1966 and 1967. He further testified that the bronchiectasis was in the left lung only and that he found no abnormality in the right lung until his examination on September 12, 1967, at which time, he diagnosed pneumoconiosis in both lungs. He explained this to be the development of fibrosis throughout the lung tissue caused by inhaling an irritant which may be in the form of a chemical, a metal, or any other irritating substance such as dust, even possibly to the extent of some ingredient present in the dust causing a sensitivity reaction rather than a noxious agent, and he stated that this condition becomes progressively worse by continued exposure and leads to pulmonary hypertension, cor pul-monale, emphysema and right ventricular heart failure, and if the cause of the condition is not removed, the ultimate outcome is death. He also testified that he wrote a letter, which was introduced into evidence, in which he stated that: “Recent examination on September 12th, 1967, revealed a development of a different form *594 of serious lung disease, that as the result of inhalation of dust. This recent discovery precludes his further participation in any form of occupation in which he is exposed to dusty atmosphere.” He then testified that this condition is pneumoconiosis and that Weigel is totally and permanently disabled and emphasized that he must be restricted from working in any occupation in which he would be exposed to a dusty atmosphere.
The testimony of Dr. John B. Bobear, who examined Weigel on April 26, 1968, testified that his chief complaint was shortness of breath ón exertion which had become worse during the latter part of 1967, and that he diagnosed Weigel’s condition as severe, irreversible, obstructive lung disease. He also testified that there is no doubt that Weigel’s symptoms of dys-penea would be aggravated and worsened by working; that he should be advised to avoid all atmospheres containing noxious dust and fumes; and that he would not advise his returning to work in a grain elevator. He further testified that, in his opinion, Weigel’s condition is a disease in the air passages but it is not pneumoconiosis.
The testimony of Dr. Frederick A. Ei-genbrod, who was asked by the defendants to examine the plaintiff, testified that his diagnosis was pulmonary emphysema, diffuse pulmonary fibrosis, chronic bronchitis, emphysema, arteriosclerotic heart disease and cardiac enlargement, but that he did not find evidence of pneumoconiosis as would be expected in instances of exposure to inorganic matter, as coal dust and gas seen in this section of the country, but that the appearance of interstitial fibrosis was present. He also stated that the plaintiff’s condition could have been caused by dust in a grain elevator, and that the fibrosis develops as á result of a healing process of the areas irritated by the .inhaled material. He concluded that Weigel’s lung condition had been aggravated by his exposure to dust in his former occupation, and that he should not return to that occupation.
The court concluded in its oral reasons for judgment, that the treating physician is better able to give medical testimony than an expert who has seen the patient only once or twice. See Burgess v. Southern Casualty Insurance Company, La., 203 So.2d 434. Therefore, he accepted the diagnosis of Dr. Parker and, as all three physicians testified that Weigel should not return to his former occupation because of his lung condition, he rendered judgment in favor of the plaintiff for $35.00 per week for the period beginning November 25, 1967, for the duration of his disability not to exceed 400 weeks and awarded $100.00 expert fees to Dr. Gray Parker and to Dr. John Bobear, to be taxed as costs, and the defendants were ordered to pay all cost of the proceedings.
From our review of the record, we find no manifest error in the conclusions reached by the district court that plaintiff is disabled under the provisions of the Workmen’s Compensation Act.
Plaintiff, in his answer to the appeal, has prayed that the judgment be amended so as to award him medical expenses, statutory penalties and attorney’s fees.
A close examination of the record discloses no proven medical expenses and no award can be made therefor.
In regard to plaintiff’s claim for penalties and attorney’s fees on the ground that defendants’ refusal to pay compensation was arbitrary and capricious, it is our opinion that there was a bona fide dispute as to liability for compensation and, therefore, penalties and attorney’s fees were properly denied by the district court.
For the above and foregoing reasons, the judgment appealed from is affirmed. Defendants are to pay all costs.
Affirmed.