396 So.2d 301 (1981)
Eldridge Mack WILLIAMS
v.
CINCLARE CENTRAL FACTORY and Liberty Mutual Insurance Company.
No. 13962.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
Rehearing Denied March 16, 1981.
Writ Refused May 1, 1981.
*302 Otha Curtis Nelson, Sr., Simmons, Nelson & Dunn, Baton Rouge, of counsel for plaintiff-appellant.
Stephen W. Glusman, Glusman, Moore & Wilkinson, Baton Rouge, of counsel for defendants-appellees.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a workmen's compensation suit. The issue is whether the plaintiff has substantial pain sufficient to classify him as totally and permanently disabled.
Plaintiff was injured on March 14, 1979. The medical testimony is in conflict. A number of medical doctors expressed opinions that the plaintiff could resume work, whereas a chiropractic doctor claimed that as of January, 1980, plaintiff was only 90 per cent well. A copy of the trial judge's excellent written reasons for judgment discussing in detail the testimony of the various doctors is attached as Appendix A.
Plaintiff was paid workmen's compensation benefits from the date of the accident through August 26, 1979. He returned to work on August 27 and continued working until October 2, 1979. On October 2nd he complained of severe back pain and has not worked since. The trial court declared plaintiff partially disabled from October 2 through October 18, 1979 and awarded benefits accordingly.
In appealing plaintiff contends the trial judge erred (1) in only finding the appellant partially disabled from October 2, 1979 through October 18, 1979; (2) in agreeing with the deposition testimony of Dr. John R. Clifford that Dr. Thomas Plantz's deposition testimony was almost ludicrous; (3) in failing to award appellant attorney's fees and medical expenses for services rendered by Dr. Thomas Plantz from November 16, 1979 to June 26, 1980; and (4) in not granting appellant a new trial or allowing him to *303 take the testimony of Dr. Thomas Plantz by way of proffer for appellate purposes.

ERROR NO. 1
The trial judge found that there was "very serious doubt that there may be a possibility the plaintiff suffered some pain from October 7, 1979 to October 18, 1979; therefore, the court will give the benefit of any serious doubt and hold that plaintiff was partially disabled from October 2, 1979 through October 18, 1979."
In Lanieux v. Iberville Services, Inc. and United States Fidelity and Guaranty Company, 391 So.2d 1282 (La.App. 1st Cir. 1980) this court held:
"Whether the pain suffered by a workmen's compensation claimant is substantial enough to be disabling is a question of fact to be decided by the trial judge. The decision depends upon an evaluation of the plaintiff's credibility and upon the preponderance of medical and lay testimony. Findings of the trial judge on factual issues in a workmen's compensation case are entitled to great weight and are not to be disturbed except on a showing of manifest error. Newell v. United States Fidelity & Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir. 1979) and cases cited therein; Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir. 1979); Farrar v. Guy Atkinson Company, 325 So.2d 893 (La.App. 2nd Cir. 1976)."
After a thorough review of the record, we find the trial judge to be neither clearly wrong nor manifestly erroneous.

ERROR NO. 2
In arguing this assignment of error, appellant discusses more the sufficiency of pain necessary to declare an employee disabled than the fact that the trial judge in essence completely disbelieved the deposition of Dr. Plantz. Appellant's argument for this assignment of error is in essence the same as his argument for Error No. 1. It is the duty and responsibility of the trial judge to weigh the credibility of witnesses, and it is obvious that the trial judge simply did not believe the testimony of Dr. Plantz. We find no manifest error on the part of the trial judge and dismiss this assignment of error.

ERROR NO. 3
Since the trial judge correctly concluded that the plaintiff-appellant was only partially disabled to October 18, 1979, the trial judge was also correct in refusing to award medical expenses for services rendered by Dr. Plantz from November 16, 1979, to June 26, 1980.
Because of his findings on the merits, the trial judge was also correct in not finding appellees to be arbitrary and capricious so as to render them liable for penalties and attorney's fees.

ERROR NO. 4
Appellant seems to rest this assignment of error on the contention that his counsel did not learn until after trial about Dr. Plantz' treatment of appellant, and thus it was impossible for the doctor to be called as a witness. We note, however, that the trial judge makes reference to a deposition of Dr. Plantz, and obviously appellant's attorney knew that this particular doctor was treating his client. Any evidence that Dr. Plantz could give was discoverable prior to trial, and thus no peremptory grounds exist for the granting of a new trial. La.C.C.P. art. 1972. In the absence of a peremptory ground for a new trial, the granting of a new trial is discretionary with the trial judge. La.C.C.P. art. 1973. There was no abuse of discretion in this regard.
Additionally appellant argues that he was denied constitutional equal protection because the trial judge refused to allow the transcribing of testimony in support of a new trial. We find no denial of any constitutionally granted right.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's cost.
AFFIRMED.

*304 APPENDIX A

REASONS FOR JUDGMENT
Plaintiff, Eldridge Mack Williams, was injured while employed by Cinclare Central Factory on March 14, 1979. Dr. Guy Otwell found that he had a sacrolumbar strain and sent him to Dr. Richard Bolton, orthopedic surgeon, on April 17, 1979 who by written report of April 24, 1979, concluded he thought the patient had an acute lumbosacral strain from which he will gradually respond. He saw no evidence from x-rays and examination of residual lumbar disc or nerve root compression.
Dr. Charles Greeson, radiologist, on March 29, 1979 also reported, "The vertebral bodies and interspaces are preserved. The pedicles appear to be intact. No fracture, subluxation or bone destruction is identified. The sacroiliac joints are normal in appearance. Normal study."
Dr. John Robert Clifford, an experienced neurosurgeon, who treated Mr. Williams from June 6, 1979 for what he termed a mechanical type back pain, hospitalized him for a period of eight days where he was placed in traction and given physical therapy. On August the 2nd, Dr. Clifford found him capable of returning to work.
On October 12, 1979, Dr. Thomas B. Flynn, another neurosurgeon, found Mr. Williams was capable of resuming employment.
Again, on October 18, Dr. Clifford found plaintiff essentially normal and capable of working. In an examination on March 14, 1980, Dr. Clifford found his back examination was entirely normal and he had no organic basis for any of his complaints and he felt he was capable of employment with no restrictions and he attached no disability to his findings and felt he should be encouraged to return to his former occupation as soon as possible.
Dr. John Fraser, an experienced orthopedic surgeon, took x-rays and examined Mr. Williams November 21, 1979 and concluded that plaintiff should be able to return to any type of work because the clinical findings were normal. He could find no abnormalities.
Dr. Richard Moon of Plaquemine also treated the plaintiff and based his conclusions on that of Dr. John Fraser.
A psychiatric evaluation by Dr. L. Wade, psychiatrist, on February 21, 1980 showed Mr. Williams to be alert and well oriented in all spheres and his intelligence was estimated as average. The psychiatrist was of the impression that Mr. Williams was malingering and clearly was not psychotic.
Dr. Thomas Charles Plantz, a chiropractor, who first treated the plaintiff on November 16, 1979 and through the months of November and December of 1979 and January of 1980 claimed that he was ninety percent well at the end of said treatment.
Dr. Clifford, by his deposition, stated that the findings and testimony of the chiropractor was almost ludicrous. Although the organ of the Court has great respect for chiropractic and has been treated many times by chiropractors, definitely agrees with the above opinion by Dr. Clifford.
Mr. Williams was paid workmen's compensation from the date of the accident through August 26, 1979 and he reported to work on August 27, 1979 and worked until October the 2nd, 1979. On October 2nd he complained of severe back pain and was taken home from work and he hasn't worked since that date. Though all of his doctors found him capable of returning to work except Dr. Plantz, all as heretofore discussed, none of the doctors other than Dr. Plantz found any causes or reasons for the subjective complaints of pain by the plaintiff on and after August the 2nd. Furthermore, the Court questions the medical and surgical expertise, knowledge and credibility of Dr. Plantz because of his deposition of record in these proceedings.
Jennings v. Haliburton [Halliburton] Co., 346 So.2d 268, 270, 271 [La.App. 4th Cir. 1977] provides:
"... It is the duty of the trial judge to evaluate the testimony of all the witnesses, both lay and medical. After making such an evaluation, he may accept or reject the opinion expressed by any medical *305 expert, depending on how impressed he is with the qualifications, credibility, and testimony of that expert. In short, the trial judge is obliged to evaluate testimony of a medical witness according to the same rules applicable to other witnesses." P-270.
"The trial judge rendered extensive reasons for judgment, the nexus of which is that he simply did not believe the plaintiff's testimony or believe that the plaintiff was disabled after March 1, 1974." P-271. Also see Canter v. Koehring Co., (SCT), 283 So.2d 716, 724 IV [La.1973].
Though there is very serious doubt there may be a possibility the plaintiff suffered some pain from October 7, 1979 to October 18, 1979; therefore, the Court will give the benefit of any serious doubt and hold that plaintiff was partially disabled from October 2, 1979 through October 18, 1979. Because of this he is entitled to recover sixty-six and two thirds percent of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earned. R.S. 23:1221. If he earned no wages during this period judgment will be rendered for sixty-six and two thirds percent of the wages he was earning at the time of the injury plus legal interest from date of judicial demand until paid and all costs of Court.
Where there is a bona fide dispute between the medical authorities as to whether the plaintiff was disabled the employer has probable cause to refuse to pay workmen's compensation benefits and is not liable for penalties or attorney's fees as the refusal to pay was not arbitrary and capricious. Swaney v. Marquette Gas Co., 139 So.2d 74 [La.App. 4th Cir. 1962]; Sykes v. Stout Drilling Co., 124 So.2d 200, 205 [La.App. 2nd Cir. 1960]; Cole v. Sears Roebuck and Co., 337 So.2d [900] 902 [La.App. 3rd Cir. 1976]. Therefore, the claim for penalties and attorney's fees will be dismissed.
Plaintiff was employed at $3.75 per hour when injured and also from August 27, 1979 to October 2, 1979; therefore, he has no claim for the latter period even though there may be a possibility of proving partial disability under R.S. 23:1221 as heretofore discussed.
"We interpret the definition of partial disability to mean that if an injured employee is unable to perform his usual customary occupation but can engage in some other gainful employment for which he is fitted by education, training and experience he is only partially disabled." Kilbourne v. Armstrong, 351 So.2d 378, 381 [802, 805] [La.App. 1st Cir. 1977].
In Conlay v. Houston General Insurance Co., 370 So.2d 196, 200 [La.App. 3rd Cir. 1979] the Court held:
"... If plaintiff will experience substantial pain in all types of employment, he should be considered totally disabled; if, however, he can work in some position without experiencing substantial pain, he is only partially disabled."
"... The trial court's favored position in seeing and hearing live witnesses is especially important when the factual determination involves a concept as subjective as pain. Colorful inflections and subtle nuances given to spoken and physical expressions describing the degree of pain simply do not come out in the black and white transcriptions of testimony contained in the appellate record."
Certainly plaintiff failed to prove any substantial pain whatsoever for this period.
Plaintiff has the burden of proving his case beyond mere speculation and by a preponderance of the evidence both as to disability and proof of accident. White v. Freeport Chemical, 317 [319] So.2d 563 [La. App. 4th Cir. 1975]. Mr. Williams has definitely failed to prove any disability whatsoever subsequent to October 18, 1979.
The Court understands that all doctor bills with the possible exception of Dr. Plantz have been paid in full. Dr. Plantz first saw Mr. Williams November 16, 1979 after the other doctors had found plaintiff fully capable of returning to normal duties with no substantial pain whatsoever resulting from injuries received while employed by defendant.
*306 The Court agrees with their conclusions and is of the definite opinion the services of Dr. Plantz were not proven necessary, nor were his services of benefit to plaintiff for any injury received while he was employed by the defendant. Therefore, the Court concludes any claim for payment of Dr. Plantz' services will be dismissed. Butts v. Insurance Company of North America, 352 So.2d 745 [La.App. 3rd Cir. 1977]; Dempster v. Gutler Hebert Company, Inc., 350 So.2d 929 [La.App. 4th Cir. 1977]; Guillory v. Liberty Mutual Insurance Company, 223 So.2d 413 [La.App. 3rd Cir. 1969].
Furthermore, a close examination of the record discloses no proven medical expenses of Dr. Plantz in the record so no award can be rendered. Weigel v. New Orleans Board of Trade, 222 So.2d 592, 594 [La.App. 4th Cir. 1969] and Green v. Heard Motor Company, 71 So.2d 849, 852 [La.1954]. Judgment will be rendered in the sum of $75.00 for each doctor for his deposition.
Port Allen, Louisiana this 2nd day of May, 1980.
 (s) David P. Kimball
 DANIEL P. KIMBALL,
 JUDGE, DIVISION "A"