COVINGTON, Judge.
This is an appeal by the plaintiff, El-dridge Mack Williams, from the judgment of the District Court in favor of the defendants, Cinclare Central Factory and Liberty Mutual Insurance Company, dismissing his petition for modification of a workmen’s compensation judgment. We affirm.
The background of the instant case is that plaintiff filed a suit against his employer, Cinclare, and its compensation carrier, Liberty Mutual Insurance Company, for workmen’s compensation benefits allegedly due him for a job-related back injury sustained by him on March 14, 1979. The defendants responded to the suit, denying the pertinent allegations. In due course, the matter came on for trial, with judgment being signed on May 21, 1980, pursuant to the trial judge’s written reasons. The court found the plaintiff was partially disabled from October 2, 1979, through October 18, 1979 (all disability having terminated prior to the trial in January, 1980), and awarded him, for that period, sixty-six and two-thirds percent of his wages earned at the time of the injury.
Following the judgment, the plaintiff moved for a new trial on the ground that since the trial, he had discovered that he was no longer able to perform his duties as an employee of Cinclare. The motion for new trial was denied and the plaintiff de-volutively appealed to this Court.
On January 26, 1981, another panel of this Court affirmed the judgment of the trial court, commenting in its opinion that “the trial judge correctly concluded that the plaintiff-appellant was only partially disabled to October 18, 1979.” The plaintiff’s application for rehearing was denied. Then, he applied for writs to the Supreme Court of Louisiana; writs were denied with comment by the Supreme Court.
In September, 1981, a little over four months after the writ denial, Williams filed the instant action against the same defendants, alleging that he desires, pursuant to LSA-R.S. 23:1331[1], to reopen the case “for the purpose of proving that he is classified as an ‘odd lot employee’ as a result of his injury; and that he has attempted to maintain employment subsequent to the date of the judgment and has not been able to do so without experiencing substantial pain.”
With written reasons, which are attached hereto as Appendix, the trial judge rendered judgment dismissing plaintiff’s petition for modification. We have reviewed the lower court’s reasons for judgment and the entire record herein, and agree with his opinion. We adopt his “Reasons for Judgment” as our own, and affirm the judgment appealed at appellant’s costs.
We also assign as reasons for our affirmation of the judgment of the trial court the comments made by Professors Malone and Johnson in 13 Louisiana Civil Law *1229 Treatise, Workers’ Compensation, § 284, p. 661 (1980), as follows:
“The power of modification found in Section 1331 is not a substitute for the appellate process. It exists for the purpose of modifying an award due to change in the capacity of the employee or for fraud in the procurement of the judgment. It cannot be employed for the purpose of reviewing a prior judgment denying compensation on the ground of mistake of law or fact, or even to amend a judgment palpably incorrect if there has been no fraud or change in the employee’s capacity. The appellate process should be used for that purpose.” (Citations omitted.)
We believe that to grant the relief sought by the plaintiff would actually be a reversal of the prior judgment, not merely a “modification” thereof, as contemplated by LSA-R.S. 23:1331. See Gaspard v. Fidelity and Casualty Company of New York, 109 So.2d 278 (La.App. 1 Cir.1959).
For the reasons assigned, we affirm at the appellant’s costs.
AFFIRMED.
APPENDIX
REASONS' FOR JUDGMENT
Petitioner applies to this Court to reopen his compensation case and modify the judgment rendered therein on May 2, 1980 and signed May 21, 1980. That judgment is now final, the First Circuit Court of Appeal having affirmed it and denied rehearing thereon (Williams v. Cinclare Central Factory, 396 So.2d 301 (La.App. 1st Cir.1981), rehearing denied March 16, 1981), and the Supreme Court having denied writs thereon (Williams v. Cinclare Central Factory, 399 So.2d 621 (1981).
Contrary to petitioner’s claim, there is no provision in the judgment of May 21, 1980 reserving any right of modification to petitioner. That judgment, pursuant to the reasons stated therefor, found petitioner partially disabled from October 2, 1979 through October 18, 1979, and fully recovered thereafter. The remainder of the judgment is not pertinent to this latest pleading. Petitioner’s claim of a right to modification of the judgment of compensation must, therefore, be based upon LSA-R.S. 23:1331. That statute permits modification of a judgment of compensation by subsequent agreement between the parties, with approval of the Court which rendered the judgment. Petitioner does not allege agreement between the parties herein. The statute further permits modification if the judgment was obtained through fraud, error or misrepresentation. Again, petitioner does not make these allegations. Finally, the statute permits modification if the incapacity of the employee (petitioner) has increased or diminished subsequent to the judgment; he simply alleges that he should be classed as an “odd lot employee”, that he has been unable to maintain steady employment since his injury, and that he experiences substantial pain when he performs duties required in the course of his employment. These allegations do not justify review or modification of the compensation judgment rendered herein. At best, they merely constitute an application for a new trial of the merits originally decided. As previously stated, this matter has been taken to a final judgment. This Court finds no allegation in petitioner’s latest pleading to justify the modification of judgment sought, nor even to justify hearing thereon.
For these reasons this petition for modification of the workmen’s compensation judgment is dismissed. Petitioner to pay all costs.
Port Allen, Louisiana this 30th day of September, 1981.
/s/ Daniel P. Kimball
DANIEL P. KIMBALL, JUDGE

. LSA-R.S. 23:1331 provides:
“A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.”