BYRNES, Judge.
This is an appeal from a judgment denying appellant Shirley Schultz’s claim for worker’s compensation based on total permanent disability. We affirm.
*665 Appellant is a 57 year old woman who worked as a printer in the photo finishing lab of Katz & Besthof. There is no dispute that she injured her back in the course and scope of her employment. At trial, appellant attempted to show that she was totally and permanently disabled as a result of her injury.
In support of her position appellant introduced the testimony of her treating physician, Dr. Essam Elmorshidy. Appellant contends that Dr. Elmorshidy testified that she was disabled from returning to work. We do not agree. Dr. Elmorshidy’s testimony was that appellant could not return to the job she held at K & B. His opinion was based on a job description, given to him by the appellant, which indicated that her duties required her to bend and stoop frequently and lift 15 pound rolls of paper several times a day. In response to questions relating to Mrs. Schultz’s ability to work, Dr. Elmorshidy testified that although appellant still suffered some moderate muscle spasm, she could return to work with certain restrictions on how much weight she could lift, how often she could bend or stoop and how long she could remain sitting. (Tr. page 63). The court asked Dr. Elmorshidy if Mrs. Schultz could work operating a photo printing machine with her hands and sit for a short period of time. His response was affirmative. (Tr. pg. 77) When asked by counsel for K & B if Ms. Schultz had been able to perform some mild or moderate work since January 22 of 1982 Dr. Elmorshidy replied “That’s correct” (Tr. pg. 79).
At trial, Ms. Jennifer Palmer, a rehabilitation counselor, testified that jobs in the photo finishing industry, similar to the one appellant had with K & B, but which conformed to the restrictions set by Dr. El-morshidy, were available in the New Orleans area. Although Ms. Palmer did not personally interview Mrs. Schultz, she had access to her work history and medical reports. She based her conclusions as to the future availability of these jobs on statistics and projections compiled by the State Office of Employment Security. She also conducted a job search of photo finishers in the area to ascertain their present and future needs. She found that at the time of trial three companies were advertising for workers with skills compatable with Mrs. Schultz’s training and experience (Tr. pg. 117-119).
In determining that these jobs conformed to Dr. Elmorshidy’s restrictions, Ms. Palmer consulted the Dictionary of Occupational Titles, a reference work published by the United States Department of Labor, describing the duties of various occupations. This document was introduced into evidence by K & B without objection. Ms. Palmer also drew on her own experience as a photo finisher. (Tr. pg. 116 & 119). On the basis of this information Ms. Palmer concluded that Mrs. Schultz could perform the duties of a color photo retoucher, a photo spotter/retoucher. She also concluded that appellant could work as the operator of a photo printing machine. Ms. Palmer stated that these positions are sedentary, in that they are performed primarily in a seated position, although the worker may also stand. These jobs are classified as ‘light’ in the Dictionary of Occupational Titles.
In order to claim benefits for permanent total disability a claimant must establish that she is unable to engage in any gainful employment for wages. R.S. 23:1221(2) From the testimony at trial, it is apparent that Mrs. Schultz’s injury did not render her unable to engage in any gainful occupation for wages. Even if we accept as true appellant’s assertion that she cannot return to her former job, we feel that the testimony of Ms. Palmer shows that other work is available to Mrs. Schultz which is compatable with her condition. Dr. Elmorshidy did not state that appellant could not return to any job, only that she could not return to the job which she had described to him. Contrary to appellant’s contention, Dr. Elmorshidy's testimony did not establish that she could only return to work in substantial pain. He described her continued muscle spasam as minor to moderate and testified that *666 even with this muscle spasam she could return to work, subject to restrictions. (Tr. pg. 63) Under these circumstances we agree with the trial court that appellant did not prove that she was totally and permanently disabled under La.R.S. 23:1221(2).
We therefore affirm the judgment at appellant’s cost.
AFFIRMED.