499 So.2d 1243 (1986)
Shirley SCHULTZ
v.
KATZ AND BESTHOFF, INC. and the Chubb Insurance Group.
No. CA-5425.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Writ Denied February 13, 1987.
*1244 Darleen M. Jacobs (A Professional Law Corporation), New Orleans, for plaintiff-appellant.
Paul G. Preston, Christovich & Kearney, New Orleans, for defendants-appellees.
Before SCHOTT, GARRISON and ARMSTRONG, JJ.
GARRISON, Judge.
The plaintiff, Shirley Schultz, filed a worker's compensation suit against her employer, Katz and Besthoff, Inc., (hereinafter referred to as K & B) and her employer's worker's compensation insurance carrier, the Chubb Insurance Group, (hereinafter referred to as Chubb) for injuries sustained on September 9, 1980 while in the course and scope of her employment. Worker's compensation benefits were paid by Chubb to the plaintiff from the date of her accident through December 7, 1982 at which time payments were discontinued because of defendant's belief that plaintiff could return to her same or similar employment. The discontinuance of these payments prompted the plaintiff to file a lawsuit against the defendants urging that the trial court find the plaintiff to be permanently and totally disabled and, therefore, entitled to additional worker's compensation benefits.
Trial was held in this matter on January 3, 1984 and a judgment was subsequently rendered in favor of the plaintiff for worker's compensation benefits for 100 weeks at $132.48 per week subject to a credit for any compensation already paid by the defendants. Plaintiff was also awarded all medical expenses in accordance with the provisions of the worker's compensation statutes. All other demands made by the plaintiff were dismissed by the trial judge.
As a result of this judgment, defendants were not required to pay plaintiff any additional compensation because their previous payments to plaintiff had exceeded a one hundred week period. Additionally, plaintiff's claim for benefits for permanent and total disability was rejected by the trial court. Plaintiff appealed and the judgment of the trial court was affirmed by this court in Schultz v. Katz and Besthoff, Inc., 468 So.2d 664 (La.App. 4th Cir.1985), and certiorari was later denied by the Louisiana Supreme Court at 469 So.2d 980 (La. 1985).
On July 1, 1985, plaintiff filed a motion to reopen this case in order to obtain modification of the judgment of compensation pursuant to LSA-R.S. 23:1331, alleging that plaintiff's physical condition had worsened since the trial court's judgment and that plaintiff was now able to prove permanent and total disability so as to qualify her to receive additional worker's compensation benefits. Defense counsel, in turn, filed exceptions of res judicata, no cause of action and prescription. The trial court maintained defendants' exception of res judicata and dismissed plaintiff's motion, reasoning that the plaintiff is not entitled to reopen this case to present issues which have already been completely litigated. This appeal followed.
The elements of res judicata are detailed in LSA-R.S. 13:4231 as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The second element is not the same in both suits. The present claim is founded on a cause of action for modification provided by R.S. 23:1331 on the ground that plaintiff's incapacity has been increased. The original suit involved the extent of plaintiff's incapacity at the time of the first trial. Since this second element is lacking, the trial court erred in sustaining the exception of res judicata.
*1245 However, defendants argue that plaintiff has no cause of action for a modification because there was no judgment of compensation in the first case. The trial judge awarded the plaintiff 100 weeks of compensation benefits subject to a credit for benefits already paid by defendants. Prior to this lawsuit, defendants had made far more than 100 weeks of payments to plaintiff. Therefore, defendants contend that because the plaintiff was found to have no further compensable disability as of the date of trial, the trial court judgment was not a judgment of compensation and R.S. 23:1331 is inapplicable because it contemplates an award of compensation indicating a continuing disability at the time of trial.
In support of the above contention, defendants cite the case of Williams v. Cinclare Central Factory, 422 So.2d 1226 (La. App. 1st Cir.1982), writ denied, 426 So.2d 179 (La.1983). In the Williams case, the plaintiff's petition for modification of his worker's compensation judgment was dismissed because the court found that the allegations made in plaintiff's motion to reopen the case did not justify review or modification of the compensation judgment because the final judgment on these allegations had already been entered. However, the plaintiff in Williams was seeking to reopen his case in order to prove his allegation that he should be classified as an "odd lot employee", that he had been unable to maintain steady employment since his injury and that he experienced substantial pain when he performed duties required in the course of his employment.
In finding that these allegations were insufficient to allow a reopening of the case pursuant to R.S. 23:1331, the Williams court specifically stated that the same statute does permit modification if the incapacity of the employee has increased or diminished subsequent to the judgment of compensation.
In its previous opinion, this court rejected plaintiff's claim that she was incapacitated to the extent that she was permanently and totally disabled, but the court did not find that she was without any incapacity. The statute provided her with a cause of action to seek modification of the earlier judgment on the ground that her incapacity increased.
We likewise find no merit in defendants' exception of prescription. As a general rule, modification of a worker's compensation award cannot be sought unless proceedings have begun within one year from the date of the last payment. R.S. 13:1209; Landreneau v. Liberty Mutual Insurance Company 309 So.2d 283 (La.1975). However, this prescriptive period was suspended while plaintiff was litigating the extent of her incapacity at the time of her previous trial. Her suit, filed shortly after the Supreme Court denied certiorari in the previous case, was timely.
Accordingly, the judgment of the trial court is reversed and set aside; there is judgment in favor of plaintiff and against defendants overruling their exception; and the case is remanded to the trial court. All costs of this appeal are assessed against defendants. Other costs are to await the outcome of the case.
REVERSED AND REMANDED.