748 So.2d 399 (1999)
Lonnie J. FALGOUT
v.
DEALERS TRUCK EQUIPMENT CO.
No. 98-C-3150.
Supreme Court of Louisiana.
October 19, 1999.
*400 Robert Carswell Lowther, Covington, Counsel for Applicant.
Christopher Marc Landry, Blue Williams, Metairie, Counsel for Respondent.
KIMBALL, Justice.[*]
We granted certiorari to determine whether the prescriptive period contained in La. R.S. 23:1209 applies to actions to modify a workers' compensation award pursuant to the version of La. R.S. 23:1310.8 in effect prior to August 15, 1999. After considering the language in the statutes, the legislature's purpose in enacting the Workers' Compensation Act and the history of La. R.S. 23:1209 and La. R.S. 23:1310.8, we hold that absent express legislative intent to the contrary, prescription does not apply to claims for modification of a workers' compensation award.

FACTS AND PROCEDURAL HISTORY
On November 7, 1990, Lonnie Falgout, an employee of Dealers Truck Equipment, injured his left knee while in the course and scope of his employment, which required surgery on July 3, 1991. Mr. Falgout filed a timely claim for workers' compensation benefits and the parties stipulated to weekly benefits in the amount of $282.00 a week. By judgment dated January 22, 1993, the workers' compensation hearing officer held that Mr. Falgout was entitled to 46 weeks of benefits as he had sustained a 26½% anatomical loss of the lower extremities. He underwent a second surgery on September 27, 1993 and his condition seemed to improve. A lump sum payment for weekly benefits was thereafter made in the amount of $8,393.01 by Dealers Truck *401 Equipment's workers' compensation insurer on January 6, 1994.
Subsequently, Mr. Falgout's condition deteriorated. He underwent additional arthroscopic surgeries in 1995 and 1996 and also underwent an osteotomy of his left knee in September 1996. At this point, his disability rating was set by doctors at 75% and his medical impairment of the lower extremities at 35%. He was scheduled for additional surgery in October 1997. Defendant provided coverage for each of the surgeries performed on Mr. Falgout.
In April 1997, Mr. Falgout filed a 1008 Claim Form requesting indemnity benefits based on his worsened condition. The form was subsequently amended to seek a modification of the 1993 judgment in accordance with La. R.S. 23:1310.8. Defendant and Louisiana Insurance Guaranty Association[2] urged an exception of prescription on the action. After a hearing on the matter, the hearing officer held that the prescriptive period of one year from the date of the last payment contained in La. R.S. 23:1209 applied to La. R.S. 23:1310.8. Thus, in order to modify his judgment award, Mr. Falgout should have filed his action within one year from the date of his lump sum payment from defendant, or by January 6, 1995. The fourth circuit affirmed. In so doing, the court read La. R.S. 23:1310.8, which is silent regarding the time limitation in which a claim must be brought, in conjunction with the prescriptive period found in La. R.S. 23:1209 and concluded Falgout's claim had prescribed since it was filed more than one year from the date of the last compensation payment. We granted certiorari in this matter to consider the issue of whether the prescriptive period contained in La. R.S. 23:1209 applies to actions to modify brought pursuant to La. R.S. 23:1310.8 and therefore bars Mr. Falgout's claim for modification. Falgout v. Dealers Truck Equip. Co., 98-3150 (La. 6/4/99), 743 So.2d 1246.

LAW
Under the general rules of statutory construction, courts begin with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislature's intent. La. Civ. C. art. 1; Fontenot v. Chevron U.S.A. Inc., 95-1425 p. 6 (La. 7/2/96), 676 So.2d 557, 562. Thus, on the one hand, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. C. art. 9; Breaux v. Hoffpauir, 95-2933 p. 2-3 (La. 5/21/96), 674 So.2d 234, 236. On the other, when the language is susceptible of more than one meaning "it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole." La. Civ. C. arts. 10 and 12; Hutchinson v. Patel, 93-2156 p. 5 (La. 5/23/94), 637 So.2d 415, 420.
The starting point for the interpretation of any statute, then, is the language of the statute itself. Touchard v. Williams, 617 So.2d 885, 888 (La.1993). In this case, the two workers' compensation statutes at issue are La. R.S. 23:1310.8, which provides hearing officers with continuing jurisdiction over cases in order to modify previous awards or orders, and La. R.S. 23:1209, which provides the prescriptive period for filing a claim. The version of La. R.S. 23:1310.8 in effect during the relevant time period provides, in pertinent part:

*402 A. (1) The power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified....
B. Upon application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act....[3]
Clearly, at the time of claimant's accident and on the date he received his workers' compensation award, La. R.S. 23:1310.8 did not contain a prescriptive limit within which claims for modification must be filed. Because of this, defendant urges the application of the prescriptive period found in La. R.S. 23:1209. La. R.S. 23:1209 provides, in pertinent part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment ....
(emphasis added).
Defendant argues the phrase "in any case" literally applies to limit the time period in which all workers' compensation actions, including those to modify compensation awards pursuant to La. R.S. 23:1310.8, must be filed. If this assertion is correct, then prescription has run against Mr. Falgout because his action for modification was filed more than one year after the date the last payment was made. Conversely, plaintiff argues that La. R.S. 23:1209 applies only to original filings of claims and not to modifications of awards received from those claims. He asserts the phrase "in any case" applies only to those cases in which voluntary payments have been made. If this interpretation is correct, Mr. Falgout's action is timely because, by its own terms, La. R.S. 23:1310.8 does not impose a time limit in which to file an action to modify a compensation award.
Each party finds support for his differing arguments in the opinions of our courts of appeal. The first and fourth circuits have held that actions to modify workers' compensation awards must be filed within the prescriptive period provided in La. R.S. 23:1209. See Adams v. Cajun Disposal, Inc., 96-1304 (La.App. 1 Cir. 3/27/97), 691 So.2d 296 (holding that the prescriptive period contained in La. R.S. 23:1209 applies to La. R.S. 23:1310.8); Schultz v. Katz & Besthoff, Inc., 499 So.2d 1243 (La.App. 4 Cir.1986) (holding that the prescriptive period contained in La. R.S. 23:1209 applies to La. R.S. 23:1331, the predecessor to La. R.S. 23:1310.8). In contrast, the third circuit has held that the prescriptive period in La. R.S. 23:1209 applies only to initial filings of claims and therefore does not apply to actions to modify previously entered workers' compensation judgments. See Montgomery v. Lafayette Parish Sch. Bd., 95-1613 (La.App. 3 Cir. 7/3/96), 677 So.2d 162 (holding La. R.S. 23:1209 does not apply to R.S. 23:1331 *403 and stating, in dicta, nor does it apply to La. R.S. 23:1310.8); Townsend v. PPG Indus., 628 So.2d 1204 (La.App. 3 Cir.1993) (holding La. R.S. 23:1209 applies to original filings of claims only and not to La. R.S. 23:1331, the predecessor to La. R.S. 23:1310.8). In light of the different conclusions reached by the courts of appeal on this issue and coupled with the facts that La. R.S. 23:1310.8 is silent as to when a claim for modification of a workers' compensation award must be filed and that La. R.S. 23:1209 is not clear as to whether it applies to such claims, we find that an ambiguity has been created in this specific area of the law. Consequently, this court may look to the reason or reasons that prompted the legislature to enact the law. Breaux, 92-2933 p. 3, 674 So.2d at 236.

LEGISLATIVE HISTORY
Initially, in considering the legislature's reasons in enacting the statutes at issue to determine whether the prescriptive period contained in La. R.S. 23:1209 applies to La. R.S. 23:1310.8, it is helpful to consider the development of both statutes in workers' compensation history. Workers' compensation was first established by the Louisiana Legislature as the "Burke-Roberts Employers' Liability Act" in 1914. Enacted as Act No. 20 of that year, the legislation contained §§ 20 and 31, which evolved into La. R.S. 23:1310.8 and La. R.S. 23:1209, respectively. As originally enacted, § 31, which is now La. R.S. 23:1209, read:
Be it enacted, etc. That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the injury or death the parties shall have agreed upon payments to be made under this act, or unless within one year after the injury proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time making the last payment.
As can be seen, the pertinent language of La. R.S. 23:1209 has been virtually unchanged since 1914.
Originally, § 20 of Act No. 20 of 1914, which is now La. R.S. 23:1310.8 read:
Be it enacted, etc. That a judgment of compensation may be modified at any time by subsequent agreement between employer and employee, with the approval of the Judge of the Court that rendered the judgment sought to be modified, or any time after one year when said judgment of compensation shall have become operative, it may be reviewed by the Judge of the Court that rendered the judgment sought to be modified upon the application of either employer or employee, on the ground that the incapacity of the injured employee has subsequently increased, such increase growing directly out of the injury for which compensation had been allowed or diminished. In such case the provisions of paragraphs 1 and 2 of Section 9 with reference to medical examination shall apply.
With Act No. 85 of 1926, the one year waiting period was shortened to provide that actions to modify workers' compensation judgments could be filed six months after the rendition of the judgment. Until the 1980s § 20, which was re-enacted as La. R.S. 23:1331, remained largely unchanged.
In 1983, however, legislation was passed that significantly revamped workers' compensation in this state. With Act No. 1 of the 1st Ex.Sess. of that year, the Office of Workers' Compensation Administration (OWC) was created to aid in the informal resolution of claims. In 1988, Act No. 938 eliminated the role of the district courts in workers' compensation claims and created administrative hearing officers within the OWC who were vested with original exclusive jurisdiction over all claims filed *404 pursuant to workers' compensation law.[4] Act No. 938 also repealed La. R.S. 23:1331 (formerly § 20) and replaced it with La. R.S. 23:1310.8. As originally enacted, La. R.S. 23:1310.8 read, in pertinent part:
A. The power and jurisdiction of the hearing office over each case shall be continuing and he may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified....
B. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act....
The substantive changes made by La. R.S. 23:1310.8 are significant. The most drastic change, of course, is that La. R.S. 23:1310.8 provides hearing officers, not district courts, with continuing jurisdiction over workers' compensation cases in order to modify a previous award. Moreover, La. R.S. 23:1310.8 does not require a waiting period of six months after the initial award before the parties can file an action for modification. In addition to the substantive changes, Act 938 of 1988 also changed the language used in the modification statute. Instead of the word "judgment," La. R.S. 23:1310.8 uses the word "award." Also, the "at any time" language of La. R.S. 23:1331 was replaced by "from time to time" in La. R.S. 23:1310.8(A), although the "at any time" language was retained as to La. R.S. 23:1310.8(B). In 1989, Act No. 454 deleted the words "from time to time" from subpart A and the "upon its own motion" and "at any time" language was deleted from subpart B. However, despite the significant changes made to workers' compensation law during this time, La. R.S. 23:1310.8 remained silent as to a prescriptive period for modification, just as its predecessor had.
For the first sixty-one years that a modification statute existed, the courts of this state did not apply the prescriptive period contained in La. R.S. 23:1209 to limit the time in which a claim for modification of a workers' compensation award could be filed. Instead, they consistently held that a claim for modification could only be made while the judgment was alive and that once it had been extinguished nothing existed to modify. Thus, once the judgment was satisfied, it was deemed extinguished under La. Civ. C. art. 1854 and an action to modify could not be filed because nothing was left to modify. See Lindsey v. Twin City Motor Co., 181 So. 598 (La.App. 2 Cir.1938); Faircloth v. Stearns-Roger, 147 So. 368 (La.App. 2 Cir.1933); Sweeny v. Black River Lumber Co., 4 La.App. 244 (2 Cir. 1926). In Lacy v. Employers Mut. Liab. Ins. Co. of Wisconsin, 233 La. 712, 98 So.2d 162, 164 (1957), this court held that the modification statute required that the original judgment of compensation be extant in order for a plaintiff to seek modification of his workers' compensation judgment.
In Landreneau v. Liberty Mut. Ins. Co., 309 So.2d 283, 285-86 (La.1975), this court opined, in dicta,[5] that the prescriptive period contained in La. R.S. 23:1209 would apply to modification claims to provide stability of judgments. In Schultz v. Katz & Besthoff, Inc., 499 So.2d 1243,1245 (La. App. 4 Cir.1986), the fourth circuit relied *405 on this dicta from Landreneau to hold that "as a general rule, modification of a worker's (sic) compensation award cannot be sought unless proceedings have begun within one year from the date of the last payment." In Adams v. Cajun Disposal, 96-1304 (La.App. 1 Cir. 3/27/97), 691 So.2d 296, the first circuit, relying on that same language from Landreneau, held that the purpose of La. R.S. 23:1209 is to protect employers from stale claims, whether initial ones or ones for modification. Further, the court held that La. R.S. 23:1209 "clearly applies to suits for modification of judgment." 96-1304 p. 6, 691 So.2d at 299. In the instant case, the court of appeal relied on Adams in concluding that the prescriptive period in La. R.S. 23:1209 applied to claims for modification of workers' compensation made pursuant to La. R.S. 23:1310.8. Falgout v. Dealers Truck Equip. Co., 98-0611 (La.App. 4 Cir. 11/18/98), 724 So.2d 252. Historically, then, it seems that the courts in this state first began to read the prescriptive period contained in La. R.S. 23:1209 as applying to claims for modification based on the dicta contained in Landreneau.
In Jackson v. Iberia Parish Gov't, 98-1810 at 7 (La. 4/16/99), 732 So.2d 517, which was handed down during the time this court was considering whether to grant Mr. Falgout's application for certiorari, we recognized the language in Landreneau stating that La. R.S. 23:1209 applied to La. R.S. 23:1310.8 as dicta. Jackson overruled Lacy and held that the principles of res judicata did not bar a claimant from seeking to modify a previous award of compensation even when the award was satisfied. Id. at 525. However, Jackson specifically noted that it applied only to the issue of res judicata and not to the issue of prescription, which was not raised in that case. Id. at n. 5.

DISCUSSION
The purpose of the Workers' Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. Landreneau, 309 So.2d at 284. "The entire compensation scheme instigated by the Legislature strongly envisions that compensation shall be made during the entire period of disability so long as the maximum period is not exceeded." Id. at 285, (citing Malone & Johnson, Treatise on Workmen's Compensation, § 281, at 57-58 (1st ed. 1964 Supp.)). Within the entire scheme, the concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. Denis Juge, Louisiana Workers' Compensation, § 3:7 (2nd ed.1999). "The power of modification, while not a substitute for the appellate process, exists for the purpose of modifying awards due to a change in the workers' condition." Jackson, 98-1810 p. 9, 732 So.2d at 524 (citing Malone & Johnson, Treatise on Workmen's Compensation, § 284, at 770 (3rd ed.1994)). The purpose of the modification statute is to allow adjustments to be made after judgment "to insure that the employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability." Landreneau 309 So.2d at 285, (citing Malone & Johnson, Louisiana Workmen's Compensation Law and Practice § 281, at 57-58 (1st ed. 1964 Supp.)).
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See La. C. Civ. Pro. arts. 1841, 425. Workers' compensation judgments, however, are treated differently from ordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted. Landreneau, 309 So.2d at 284. This court has recently reaffirmed the validity of this *406 policy in holding that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification res judicata does not apply. Jackson, 98-1810 p. 9, 732 So.2d at 524.
An example, for illustrative purposes only, of another area of law that allows for modification of a prior award is child custody, in which the law grants courts continuing jurisdiction for modification of the award. Imperial v. Hardy, 302 So.2d 5, 8 (La.1974) (citing Davis v. Davis, 238 La. 293, 115 So.2d 355 (1959)). In cases of child custody awards, an award of custody to one party may be modified upon a showing of a change in circumstance sufficient to warrant a custodial change. Evans v. Lungrin, 97-0541 p. 12 (La. 2/6/98), 708 So.2d 731, 738. The principle behind this policy is the best interest of the child. La. C.C. art. 122; Evans, 97-0541 p. 7, 708 So.2d at 735. Thus, a court is able to award custody of a child without having to be forever bound by that judgment. By allowing awards of custody to be reopened upon a change of circumstance, the overriding principlethat custody be awarded in the best interest of the childis ensured.
Likewise, since the inception of workers' compensation in this state, the legislature has "expressly provided that a compensation award can be subject to modification based on a change in the worker's condition." Jackson, 98-1810 p. 9, 732 So.2d at 524. Workers' compensation law is designed so that when the hearing officer estimates the extent of the disability at the time of the original award he does so "without having to worry about being forever bound by the first appraisal." Id. (citing 8 Larson's Workers' Compensation Law § 81.3(a), at 1127, 1132-35 (1998)). By allowing awards of compensation to be reopened, the overriding purpose of the statutory schemethat a worker receives compensation for as long as he is disabled, but not longeris ensured.
Theoretically, then, under the concept of workers' compensation, courts ought to exercise perpetual and unlimited jurisdiction to reopen cases as often as necessary to make benefits meet current conditions. 8 Larson's Workers' Compensation Law § 81.10, at 1045 (1998). In Jackson, this court recognized that because the modification statute is to be liberally construed in favor of the claimant the principles of res judicata are at odds with the concept of modification in the workers' compensation arena. 98-1810 p. 9, 732 So.2d at 524. In terms of social utility, the function of prescription is analogous to that of res judicata. Baudry-Lacantinerie & Tissier, Prescription, Ed. 4, 1924, updated in Volume 5, Civil Law Translations, no. 29, at p. 19. The social utility of prescription contravenes the policy behind the modification of workers' compensation awards as the applicability of the defense of prescription would limit the amount of time within which such an award could be modified. This limitation would prevent the reopening of cases as often as necessary to ensure the injured worker receives compensation as long as he is disabled, but no longer. Therefore, absent express legislative intent to the contrary, the concept of modification of a workers' compensation award is incompatible with that of prescription.
Thus, the question becomes whether the legislature has expressed an intent to subject modifications of compensation awards to a defense of prescription. The history of the modification statute under Louisiana workers' compensation law shows that the prescriptive period contained in La. R.S. 23:1209 does not automatically apply to claims of modification. First, until recently, the modification statute did not contain a prescriptive period nor did the courts apply La. R.S. 23:1209 to claims for modification, at least for the first sixty-one years of its existence. Second, nothing in the legislative history shows that the legislature ever intended to apply La. R.S. 23:1209 to claims for modification of compensation.[6] *407 The original language of the statute read that modification of a workers' compensation judgment could be had "at any time," which rules out a prescriptive period applying to the statute from its conception. Although this language was eventually deleted, the subsequent versions do not give any indication that the legislature intended, by the mere deletion of this language alone, to impose the prescriptive limit contained in La. R.S. 23:1209 to the modification statute. Further, in 1975, after Landreneau was handed down, the legislature understood the "present law" under La. R.S. 23:1209 to be that "all claims for payment must be made within one year after the accident or death except where voluntary payments are being made the year does not begin to run until the payments cease." Act No. 583, Regular Sess., Digest (1975).[7] Thus, in 1975, at least, the legislature understood that the prescriptive period of one year from the date of the last payment contained in La. R.S. 23:1209 applied only to cases where voluntary payments had been made before a claim was initiated. There is no indication the legislature envisioned La. R.S. 23:1209 as applying to claims for modification of workers' compensation awards. Third, the legislative history of the 1999 session shows that the original purpose of Act 323, which amended La. R.S. 23:1310.8 to provide that La. R.S. 23:1209 applies to claims for modification, was to clarify that claims for modification of compensation could be made "at any time." Senate Committee on Labor & Industrial Relations, 1999 Regular Session, Minutes (5/6/99). However, it was not until after a compromise between the house and senate that the bill was enacted as applying a prescriptive period for claims for modification of compensation. Id.
Thus, after considering the language in the statutes, the legislature's purpose in enacting the Workers' Compensation Act and the history of La. R.S. 23:1209 and La. R.S. 23:1310.8, we hold that absent express legislative intent to the contrary, prescription is not applicable to claims for modification of a workers' compensation award.

RETROACTIVE EFFECT OF La. R.S. 23:1310.8
Act 323 of the 1999 Regular Session amended La. R.S. 23:1310.8 to create a prescriptive period for claims of modification under the statute. La. R.S. 23:1310.8(D), which is new, provides:
A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
Thus, with this amendment, the legislature has expressly provided for a prescriptive period for modifications of compensation awards. Defendant argues that this provision applies retroactively to bar Mr. Falgout's claim. We disagree and hold that it does not.
Prescriptive limitations relate to the remedy and are usually treated as procedural and applied retroactively. Lott v. Haley, 370 So.2d 521, 523 (La.1979). However, prescriptive statutes cannot, consistently with state and federal constitutions, apply retroactively to disturb a person's pre-existing right. Id. at 524. When a party acquires a right, either to sue for a cause of action or to defend himself against one, that right becomes a vested property right and is protected by the due process guarantees. Cole v. Celotex, 599 So.2d 1058, 1063 (La.1992). However, this Court has held that a newlycreated statute of prescription that "shortens existing periods of limitation will not violate the constitutional prohibition *408 against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." Lott, 370 So.2d at 524 (citing Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937)). When the legislature enacts a prescriptive statute that potentially affects existing causes of action and fails to require parties to exercise their vested rights within a reasonable time, "the courts should refrain from supplying this legislative lapse." Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987).
In the present case, Mr. Falgout acquired his right to file a claim for modification pursuant to La. R.S. 23:1310.8 when he received his initial workers' compensation award in 1993. At that time, no prescriptive limit applied to La. R.S. 23:1310.8. Now, with Act No. 323 of the 1999 Regular Session, the legislature has amended La. R.S. 23:1310.8 to create a prescriptive period limiting the time in which a claim for modification can be filed pursuant to La. R.S. 23:1310.8. However, to apply the prescriptive period retroactively would divest Mr. Falgout of his vested property right because the amendment does not provide a reasonable time for those affected by the act to assert their rights. We decline to supply a shortened period within which vested rights must be asserted in the absence of an indication of such a legislative intent. Thus, because to apply newly amended subpart D of La. R.S. 23:1310.8 retroactively would divest Mr. Falgout of his vested property right to file a claim for modification of his compensation award, we hold that the amendment applies prospectively only.

CONCLUSION
After considering the language in La. R.S. 23:1209 and the version of La. R.S. 23:1310.8 in effect prior to August 15, 1999, the legislature's purpose in enacting the Workers' Compensation Act and the history of the statutes, we hold that absent express legislative intent to the contrary, prescription does not apply to claims for modification of a workers' compensation award. Further, Mr. Falgout acquired his right to file a claim for modification before the amendment to La. R.S. 23:1310.8 creating a prescriptive period for modification claims came into effect and because the legislature did not allow a reasonable time frame in which he could assert that right, we hold that the amendment applies prospectively only. Thus, Mr. Falgout's claim for modification is not barred by prescription and defendant's exception of prescription should have been denied. Whether Mr. Falgout can prove his claim of a change in his condition relating to his work injury warranting modification is not before this Court and we specifically decline to address this issue. Therefore, the judgment of the court of appeal is hereby reversed and this case is remanded to the office of workers' compensation for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
VICTORY, J., dissents for the reasons assigned by MARCUS, J.
MARCUS, J. (dissenting).
The issue in this case is whether plaintiffs claim for modification of workers' compensation benefits is prescribed. The majority holds that it is not. I disagree.
In 1994 plaintiff accepted a court approved lump sum settlement for workers' compensation benefits in connection with a knee injury sustained in 1990. In 1997, three years after receipt of the last benefit payment, plaintiff filed a workers' compensation claim seeking to have his weekly benefits modified. The trial judge and the court of appeal found that plaintiff had one year from the date of the last benefit payment to file a claim for modification. Both courts held that the one year prescriptive period set forth in La. R.S. 23:1209 applies to requests for modification made pursuant to La. R.S. 23:1310.8. In *409 my view, this was the correct interpretation of the law.
The version of La. R.S. 23:1310.8 in effect at the time of plaintiffs injury and at the time of receipt of the last benefit payment permitted a claimant to seek modification of former findings and orders. However, the section on modifications did not itself stipulate a specific period of limitations for such claims. In 1999, La. R.S. 23:1310.8 was amended to expressly provide that a claim for modification of a former award is subject to the prescriptive limitations established in the Act's general prescription provision, La. R.S. 23:1209.[1] In my view, this amendment was no more than a clarification of existing law. Thus, whether or not the amended version of the statute is applied to this case, the result is the same.
In Lacour v. Hilti Corporation, (La.5/18/99), 733 So.2d 1193, we noted that the Workers' Compensation Act must be viewed as a symmetrical whole. In that case we held that the prescriptive period stipulated in La. R.S. 23:1209 applies to claims for occupational disease, even though the section on occupational disease itself is silent on a period of limitations. Likewise in this case, even though the section of the Act addressing modification of a prior claim is silent as to prescription, it does not follow that such claims are imprescriptable. Rather, we should look to the fountainhead prescriptive provision of the Act for the appropriate period of limitations. La. R.S. 23:1209 provides that where workers' compensation payments have been made:
... in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment ... (emphasis added).
In my view, the time for applying for modification of benefits expires one year after the date of last payment. Moreover, that is the view that was espoused by this court in Landreneau v. Liberty Mutual Insurance Co., 309 So.2d 283 (La.1975), albeit in dicta. In Landreneau we recognized that if modifications could be made without any period of limitations, claimants would be able to relitigate benefits years after payments had ceased and judgments had been satisfied. We concluded that employers are protected from stale claims by the prescriptive period in La. R.S. 23:1209. There is no reason to depart from that reasoning in this case. Plaintiff's claim for modification of benefits came too late and is prescribed.
For the foregoing reasons, I respectfully dissent.
NOTES
[*] Traylor, J., not on panel. See Rule IV, Part 2, § 3.
[2] LIGA took over handling this matter after the insolvency of defendant's workers' compensation insurer.
[3] In Act No. 323 of the 1999 session, the Louisiana legislature amended 23:1310.8 to provide a prescriptive limit in which an action to modify a prior award of compensation must be filed. This amendment was effective August 15, 1999. Subpart D of that statute now reads:

A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
[4] In Moore v. Roemer, 567 So.2d 75 (La.1990), this court held Act 938 of 1988 unconstitutional in that it violated Art. 5, Sec. 15(A) of the Louisiana Constitution, which provides district courts with original jurisdiction over all civil claims. In response, the constitution was amended in 1990 to the effect that hearing officers are granted the same judicial power, as to workers' compensation claims only, as the district court. La. Const. art. 5, §§ 10(A), 10(B), 16(A).
[5] See Jackson v. Iberia Parish Gov't, 98-1810 at p. 7, n. 5 (La. 4/16/99), 732 So.2d 517, 523, n. 5.
[6] Given the recent 1999 amendments to La. R.S. 23:1310.8, of course, this is no longer an issue.
[7] While the Digest does not form part of the law, it is prepared together with proposed legislation and, in this case, it serves to elucidate the understanding and intent of the legislators. See Conerly v. State, 97-0871 p. 8 (La. 1998), 714 So.2d 709, 714.
[1] La. Acts. 323 (1999).