2WHIPPLE, J.
In this workers’ compensation case, claimant/appellant, Alan Avdoyan, appeals from a judgment granting his employer’s peremptory exception raising the objection of prescription. The defendant employer, Covington Country Club, answered the appeal, requesting costs and attorney’s fees for the filing of a frivolous appeal. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The pertinent facts surrounding claimant’s injury are not in dispute. On October 6, 1993, claimant filed a claim with the Office of Workers’ Compensation (OWC) asserting that on December 7, 1992, he sustained an injury to his left knee and right groin area while acting in the course and scope of his employment at Covington Country Club. On March 1, 1994, he filed a supplemental claim alleging that on February 11, 1994, he sustained an aggravation of his injury while performing duties at work.
As a result, claimant sought medical treatment and eventually underwent a hernia operation performed by Dr. Surendra K. Purohit. Thereafter, he submitted the related medical expenses to his employer and its insurer, Aetna, for payment or reimbursement.[2] By letter dated August 16, 1994, Aetna confirmed an agreement to reimburse claimant $1,500.00 for medical bills he had paid and to pay a list of outstanding medical bills. The letter stated that a “Motion to Dismiss” and a “Receipt and Release” would accompany the $1,500.00 check payable to claimant, thus eliminating the necessity of a previously-scheduled trial. As a result of this agreement, an order was issued by the OWC on November 21, 1994, dismissing the matter without prejudice and noting that the “action may only instated upon a showing of good cause within thirty (30) days of receipt of this order.” After the | ¡¡matter was dismissed, Aetna continued to pay medical expenses related to claimant’s hernia, as submitted, until May 31, 1996, when *279 Aetna stopped paying the bills. Although claimant continued to receive medical treatment and incur expenses, Aetna stopped or refused to pay the invoices submitted by claimant’s health care providers.[3]
On September 28, 2001, he filed a “Disputed Claim for Compensation” with the OWC requesting reimbursement for office visits to Dr. Purohit. While claimant identified eight visits made since the last payment of May 31, 1996, his demand for payment by Travelers referred to four of the eight visits.[4] In response, the defendant filed an answer and a peremptory exception of prescription.[5]
On January 31, 2002, the OWC rendered judgment granting defendant’s exception of prescription and dismissing the claim with prejudice. Claimant appeals, assigning the following as error:
1. The Honorable Workers’ Compensation Judge erred by granting defendant’s exception which precludes plaintiff from receiving payment of prior medical expenses submitted by the treating physicians to the insurance carrier and further preventing the plaintiff from seeking and obtaining payment of future medical expenses associated with a hernia received in 1992 and an aggravation thereof in 1994.
2. The Honorable Judge erred by apparently basing his decision on prescription enumerated in LSA-R.S. 23:1209 when the Honorable Court should have applied LSA-R.S. 23:1310.8.
DISCUSSION
Initially we must determine whether the claim for medical expenses incurred after May 31, 1996 is governed by the three-year prescriptive period of LSA-R.S. |423:1209(C) or remains viable as a claim subject to the continuing jurisdiction of the OWC to modify its orders, as provided in LSA-R.S. 23:1310.8.
Louisiana Revised Statute 23:1209(0 provides as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Louisiana Revised Statute 23:1310.8 provides in part:
A. (1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, ... however, upon petition filed by the employer or insurance carrier and the injured employee or other person enti- *280 tied to compensation under the Workers’ Compensation Act, a workers’ compensation judge shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers’ compensation cases.
Claimant argues that pursuant to LSA-R.S. 28:1310.8, the workers’ compensation judge has continuing jurisdiction to modify former orders. Thus, he contends, the November 21, 1994 order issued by the OWC dismissing the matter without prejudice encompassed his continuing and future medical treatment and claims and rendered them subject to review under the OWC’s continuing jurisdiction. In support of his argument, claimant relies on Falgout v. Dealers Truck Equipment Company, 98-3150 (La.10/19/99), 748 So.2d 399. Defendant counters that Falgout is inapplicable to the facts herein as it strictly pertains to a weekly award of indemnity compensation benefits governed by LSA-R.S. 23:1209(A), rather than a claim for medical benefits as sought in the instant case, which is governed by LSA-R.S. 23:1209(0).
|sIn Falgout, the Supreme Court was faced with the issue of whether the legislature had expressed an intent to subject modifications of compensation awards to a defense of prescription. Falgout, 98-3150 at p. 10, 748 So.2d at 406. Following a through analysis of the legislative history of LSA-R.S. 23:1209 and the subsequent enactment of LSA-R.S. 23:1310.8,[6] the Supreme Court held that “absent express legislative intent to the contrary, prescrip *281 tion is not applicable to claims for modification of a workers’ compensation award.” Falgout, 98-3150 at p. 11, 748 So.2d at 407.
In Falgout, however, unlike the facts of the instant ease, the workers’ compensation judge rendered judgment awarding claimant weekly compensation | (¡indemnity benefits in the amount of $282.00 per week for forty-six weeks. The claimant later underwent a second surgery and after his condition seemed to improve, was awarded a lump sum payment for weekly benefits in the amount of $8,393.01. Claimant’s condition and disability rating subsequently deteriorated, after which he filed a 1008 Claim Form requesting indemnity benefits based on his worsened condition. The claim form was subsequently amended to seek a modification of the previous judgment that had awarded the initial weekly indemnity benefits in accordance with LSA-R.S. 23:1310.8. The defendant then filed an exception urging the objection of prescription.
In the instant case, there was no prior judgment awarding weekly indemnity benefits. Because the parties entered into a settlement, an order was issued dismissing the matter without prejudice. Thus, no award existed which could be subject to modification pursuant to LSA-R.S. 23:1310.8. Indeed, claimant did not file a motion to modify any prior award of benefits.[7] Claimant failed to timely reinstate the former claim or timely file and pursue another claim with the OWC. In sum, claimant does not seek to modify a prior award, but seeks to have medical expenses paid, specifically, the office visits to Dr. Purohit. Thus, the R.S. 23:1209(C) prescriptive period of three years from the time of making the last payment of medical benefits applies. The last medical benefit was paid May 31, 1996 and the Form 1008 was filed on September 26, 2001. His request clearly falls outside of the three-year time limitation for filing a claim for medical benefits. We find no merit to this assignment.
Secondly, claimant contends that the insurance carrier should be required to pay medical expenses submitted by treating physicians but not paid by the 17insurance carrier when the insurance carrier failed to provide “notice of non-payment” to the claimant. Specifically, claimant alleges that “the facts demonstrate that the Carrier did not inform [claimant] until after prescription had run that the submitted invoices had not been paid.”
We likewise find no merit to this argument. If claimant sought to challenge the denial or non-payment of any medical expenses, or even the carrier’s failure to provide “notice of non-payment,” his remedy was to file a claim with the OWC within three years of the May 31, 1996 payment. He failed to do so. Instead, he filed the Form 1008 challenging the denial or nonpayment of medical expenses on September 26, 2001, over five years since the last medical payment.
Claimant further argues that he should be entitled to future medical expenses related to his hernia operation and related procedures. In support of this argument, claimant cites Owens v. Liberty Mutual Insurance Company, 307 So.2d 313 (La.1975), and argues that a reoccur-rence or complication of a prior hernia injury was considered compensable as a separate herniation. However, as the Supreme Court noted in a related case, “an *282 employee’s action after the hernia recurrence is governed by the same provisions and limitations that apply to the cause of action based on the initial hernia.” Owens v. Liberty Mutual Insurance Company, 456 So.2d 146, 148 (La.1984). Thus, the three-year prescriptive period of LSA-R.S. 23:1209(0 remains applicable herein. Claimant filed a claim for the aggravation of his existing hernia injury on March 1, 1994, and the last payment of medical benefits was made on May 31, 1996. Accordingly, claimant had until May 31, 1999, at the latest, to file a claim, relative to the aggravation of his initial hernia injury. He failed to do so.
This assignment also lacks merit.
| «ANSWER TO APPEAL
In the answer to appeal, defendant contends that “there is no basis in law or fact for reversal of the lower court decision and that the appeal filed ... is frivolous.” Defendant requests that reasonable attorney’s fees and appellate costs be awarded pursuant to LSA-C.C.P. art. 2164.[8]
Although claimant did not prevail in this appeal, we are unable to say that his attempts to do so were frivolous. ' Thus, we deny the request for an award of attorney’s fees.
CONCLUSION
For the above and foregoing reasons, the January 31, 2002, judgment granting defendant’s exception of prescription and dismissing claimant’s claim with prejudice is affirmed. The answer to appeal filed by defendant is denied. Costs of this appeal are assessed against the claimant/appellant, Alan Avdoyan.
AFFIRMED; ANSWER TO APPEAL DENIED.

. Travelers Casualty and Surety Corporation is the successor to Aetna.

. Claimant contends in his brief that these refusals occurred without his knowledge.

. Specifically, he complained that Travelers had failed to pay for the visits to Dr. Purohit of December 13, 1996, July 3, 1997, October 25, 1999, and May 1, 2001.

.By letter dated October 6, 1999, Travelers had refused payment, citing LSA-R.S. 23:1209(C), and noting, "[t]he law clearly states that you have three (3) years from the date of the last medical payment to keep the medical portion of your claim viable. Our last medical payment was in May, 1996; thus the required three years have elapsed.”

. As noted in Falgout:
The history of the modification statute under Louisiana workers' compensation law shows that the prescriptive period contained in La. R.S. 23:1209 does not automatically apply to claims of modification. First, until recently, the modification statute did not contain a prescriptive period nor did the courts apply La. R.S. 23:1209 to claims for modification, at least for the first sixty-one years of its existence. Second, nothing in the legislative history shows that the legislature ever intended to apply La. R.S. 23:1209 to claims for modification of compensation. The original language of the statute read that modification of a workers’ compensation judgment could be had "at any time,” which rules out a prescriptive period applying to the statute from its conception. Although this language was eventually deleted, the subsequent versions do not give any indication that the legislature intended, by the mere deletion of this language alone, to impose the prescriptive limit contained in La. R.S. 23:1209 to the modification statute. Further, in 1975, after Landreneau [v. Liberty Mutual Ins. Co., 309 So.2d 283, 285-286 (La.1975)] was handed down, the legislature understood the "present law” under La. R.S. 23:1209 to be that “all claims for payment must be made within one year after the accident or death except where voluntary payments are being made the year does not begin to run until the payments cease.” Act No. 583, Regular Sess., Digest (1975). Thus, in 1975, at least, the legislature understood that the prescriptive period of one year from the date of the last payment contained in La. R.S. 23:1209 applied only to cases where voluntary payments had been made before a claim was initiated. There is no indication the legislature envisioned La. R.S. 23:1209 as applying to claims for modification of workers’ compensation awards. Third, the legislative history of the 1999 session shows that the original purpose of Act 323, which amended La. R.S. 23:1310.8 to provide that La. R.S. 23:1209 applies to claims for modification, was to clarify that claims for modification of compensation could be made "at any time.” Senate Committee on Labor & Industrial Relations, 1999 Regular Session, Minutes (5/6/99). However, it was not until after a compromise between the house and senate that the bill was enacted as applying a prescriptive period for claims for modification of compensation. Id.
Falgout, 98-3150 at pp. 10-11, 748 So.2d at 406-407. (Footnotes omitted.)

. Claimant filed three specific claims with the OWC: (1) the October 6, 1993 claim for the original 1992 injury; (2) the March 1, 1994 supplemental claim for the aggravation of the 1992 injury; and (3) the September 28, 2001 claim for payment of medical expenses. None of these claims seek to modify a prior award of benefits.

. Louisiana Code of Civil Procedure article 2164 provides in part:
The appellate court ... may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.