hTRAYLOR, Justice.
We granted certiorari in this matter to consider whether the Louisiana Children’s Code requires that modification hearings in juvenile court be conducted in private. For the reasons which follow, we answer that question in the negative, reverse the courts below, and remand to the juvenile court.
FACTS and PROCEDURAL HISTORY
D.W. was adjudicated delinquent in the district juvenile court on February 14, 2003. After a disposition hearing held on March 28, 2003, he was committed to the custody of the Department of Public Safety and Corrections until his twenty-first birthday as mandated by Article 897.1 of the Louisiana Children’s Code. D.W. was subsequently transferred to the Jetson Correctional Center for Youth in accordance with the disposition order.
On June 4, 2003, D.W.’s counsel filed an emergency motion for review of D.W.’s disposition in the juvenile court, alleging that conditions at Jetson were unsafe.[1] Prior to the hearing, the parties disagreed as to whether the hearing was to 19be open to the public or not open to the public. On September 29, 2003, after a contradictory hearing, the juvenile court ruled that the hearing would be closed. The court of appeal denied D.W.’s application for writ of review on October 3, 2002.
DISCUSSION
The issue in the matter is whether the Louisiana Children’s Code requires that all proceedings, or merely the adjudication hearing, in juvenile delinquency cases which involve delineated crimes of violence be open to the public.
Generally, when interpreting a statute, courts begin with the premise that legislation is the solemn expression of legislative will and that, therefore, the interpretation of a law involves a search for the legislature’s intent. La. Civ. C. art. 1; Falgout v. Dealers Truck Equipment Co., 98-3150, p. 2 (La.10/19/99), 748 So.2d 399, 401. When a law is clear and unambiguous and its application does not lead to absurd results, the law shall be applied as written and no further interpretation shall be made in search of the legislature’s intent. La. Civ. C. art. 9; Falgout, 98-3150 at p. 2, 748 So.2d at 401. “Where a new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law.” Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 888.
The starting point for the interpretation of any statute, then, is the language of the statute itself. Touchard v. Williams, 617 So.2d 885, 889 (La.1993). Here, the statutes at issue are Articles 407 and 879 of the Louisiana Children’s Code.
Article 407 provides:
Art. 407. Confidentiality of hearings
A. With the exceptions of delinquency proceedings pursuant to Article 879, child support proceedings, traffic violations pursuant to Chapter 2 of Title IX in parishes with a population between three ^hundred eighty thousand and four hundred thousand, and misdemean- or trials of adults pursuant to Chapter 4 *47 of Title XV, proceedings before the juvenile court shall not be public. However, the court shall allow the proceedings to be open to the public when the alleged delinquent act committed by the child would be considered a crime of violence as defined in R.S. 14.2(13), or when the alleged delinquent act would be a second or subsequent felony-grade adjudication.
B. The child, his parents, counsel, the district attorney, authorized officers of the court, and witnesses called by the parties may be present at an adjudication hearing. The court may admit any other person who has a proper interest in the proceedings or the work of the court. In delinquency proceedings involving the violation R.S. 14:30, first degree murder; R.S. 14:30.1, second degree murder; R.S. 14:42, aggravated rape; R.S. 14:44, aggravated kidnapping [sic]; or R.S. 14:64, armed robbery; the court shall admit the victim and the victim’s spouse, children, siblings, and parents.
La. Ch. C. art. 407.
D.W. argues that the phrase “the court shall allow the proceedings to be open to the public” mandates that all proceedings involving the specified crimes of violence be open to the public. The state takes the contrary opinion, arguing that the language contained in the latter part of Paragraph A, referring to an “alleged delinquent act” and an “adjudication,” along with Paragraph B’s reference to an “adjudication hearing,” make clear that the statute does not apply to all proceedings in juvenile cases involving the specified violent offenses, but only to adjudication hearings.[2]
Article 879, the second statute at issue, reads in pertinent part:
Art. 879. Presence at adjudication hearing; exclusion of witnesses
A. The child, his parents, counsel, the district attorney, authorized officials of the court, and witnesses called by the parties may be present at the adjudication hearing.
B. All proceedings in a juvenile delinquency case involving a|4crime of violence as defined in R.S. 14:2(13) or a delinquent act which is a second or subsequent felony-grade adjudication shall be open to the public.
* * *
La. Ch. C. art. 879.
Again, D.W. argues that the legislature’s use of the words “all proceedings in a juvenile delinquency case” means just that, all proceedings, to include disposition and post-disposition hearings. The state, on the other hand, argues that the plain language of the title of the statute, “Presence at adjudication hearing ...,” specifically details that the statute only applies to adjudication hearings.
In order to determine the legislature’s intent in enacting the statutes, it is helpful to consider the statutes’ respective legislative histories. As originally enacted, Article 407(A) stated that “[ejxcept as provided in delinquency proceedings pursuant to Article 879, juvenile proceedings shall not be public,” La. Ch. C. art. 407(A) (1992), while Article 879(C) provided that “[o]n motion of the child, the adjudication hearing shall be public.” La. Ch. C. art. 879(C) (1992). When read together, the statutes closed to the public all proceedings in juvenile cases except adjudication *48 hearings in which the child moved for an open hearing.
In 1992, the legislature amended Article 407(A) to add child support proceedings and misdemeanor trials of adults in juvenile court to the open hearing exception. La. Ch. C. art. 407(A) (1993). Article 879 remained unchanged.
The legislature amended both statutes in 1994. The following language was added to Article 407(A): “However, the court shall allow the proceedings to be open to the public when the alleged delinquent act committed by the child would be considered a crime of violence as defined in R.S. 14:2(18), or when the alleged delinquent act would be a second or subsequent felony-grade adjudication.” La. Ch. C. art. 407(A) (1995). The new version of Article 897(C) read: “On motion of the child, or when the alleged delinquent act committed by the child would be considered a crime of violence as defined in R.S. 14:2(13), or when the alleged delinquent act would be a second or subsequent felony-grade adjudication, the adjudication hearing shall be public.” These amendments added specified crimes to the open hearing exception but retained the language specifically limiting the exception to adjudication hearings. La. Ch. |fiC. art. 407(A) (1995).
The legislature again amended Article 879 in 1995, completely rewriting Paragraph C and re-designating it as Paragraph B as follows: “All proceedings in a juvenile delinquency case involving a crime of violence as defined in R.S. 14:2(13) or a delinquent act which is a second or subsequent felony-grade adjudication shall be open to the public.” La. Ch. C. ait. 879(B) (1996). This amendment both eliminated the discretion of the child to waive public closure and replaced the language specifically restricting the open hearings exception to “adjudication hearing[s]” with “[a]ll proceedings in a juvenile delinquency case ...” No further amendments have been made to either article.
The state argues that the two statutes continue to restrict the open hearings exception to adjudication hearings only. As stated earlier, however, “[wjhere a new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law.” Brown, 721 So.2d at 889. The 1996 and earlier iterations of Article 879 specifically restricted the open hearing exception to adjudication hearings. The 1995 amendment changed the specific language, “adjudication hearing,” to the less restrictive “[a]ll proceedings in a juvenile delinquency case.” Clearly, the phrase “[a]ll proceedings in a juvenile delinquency case” means more than merely adjudication hearings, but applies to disposition and [^modification hearings, as well.
DECREE
For the foregoing reasons, the rulings of the trial and appellate courts are reversed. The matter is remanded to the juvenile court for disposition not inconsistent with this opinion.
REVERSED AND REMANDED.
VICTORY, J., concurs and assigns reasons.
CALOGERO, C.J., concurs for reasons assigned by VICTORY, J.
KNOLL, J., concurs in result. "

. D.W. seeks review of the disposition order based upon Article 909 of the Louisiana Children's Code, which grants the juvenile court the general power to modify orders of disposition. The state has filed several exceptions in the matter, including exceptions of improper venue, lack of jurisdiction, and no cause of action. None of these issues are before this court at this time. The juvenile court has removed D.W. from the Jetson Correctional Institute for Youth and placed him in the Lake Charles Juvenile Detention Center pending disposition of the matter.

. In brief, however, the state broadens its argument, saying that the statutes at issue "unquestionably do not relate to the post-disposition phase of a juvenile case ...,” implying that the statutes do, indeed, apply to disposition hearings as well as adjudication hearings.