PARRO, J.
| ¡William Daniel Hammons appeals a judgment of the Office of Workers’ Compensation Administration, denying his request for medical benefits on the basis that his claim for such benefits had prescribed. We reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
Hammons was injured in 1990 while working for ABB C-E Services, Inc. (ABB). He eventually filed a disputed claim concerning his disability status and was found to be totally and permanently disabled as a result of the injury. This court affirmed the judgment in his favor in an en bane decision with four judges dissenting in part.[1] Hammons v. ABB C-E Services, Inc., 94-2444 (La.App. 1st Cir.10/6/95), 671 So.2d 370 (en banc).
As a result of the injury, Hammons received medical treatment that included a total left knee replacement. ABB paid all his medical bills resulting from the accident; therefore, the original judgment did not address medical benefits, which were not at issue at that time. Hammons has not claimed any medical benefits from ABB for a number of years; the last medical bills for accident-related treatments were paid by ABB in June 1998.[2] However, apparently his orthopedist recently advised him that the original knee replacement has worn out and a second knee replacement is necessary. ABB refused to pay for this procedure, and on October 21, 2003, Hammons filed a disputed claim for medical treatment necessitated by his 1990 accident. ABB filed an exception raising the objection of prescription. After a hearing and the receipt of evidence establishing that the last date of ABB’s payment for medical benefits was June 1998, the workers’ compensation judge (WCJ) sustained the exception and dismissed Hammons’ claim. Hammons contends in this appeal that this decision was legal error.
| ¡¿DISCUSSION
It is well settled in Louisiana jurisprudence that the purpose of a prescription statute is to afford a defendant economic and psychological security if a cause *132 of action is not pleaded timely and to protect the defendant from stale claims and the loss of relevant proof. Craig v. Bantek West, Inc., 03-2757 (La.App. 1st Cir.9/17/04), 885 So.2d 1234, 1240, writ denied, 04-2995 (La.3/18/05), 896 So.2d 1004. ABB’s exception raising the objection of prescription was based on LSA-R.S. 23:1209(C), which states:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
The Louisiana Supreme Court reluctantly applied this provision in Boquet v. Tetra Technologies, Inc., 02-1634 (La.2/25/03), 839 So.2d 13. Despite recognizing the harsh results for injured claimants and inviting the legislature to re-visit this limitation, the court ultimately concluded that the plain language of this provision leads to the inescapable conclusion that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. Boquet, 839 So.2d at 17.
However, Hammons contends the prescriptive period set out in section 1209(C) applies only to claims for medical expenses when the claimant does not have a prior judgment. Unlike the claimant in the Bo-quet case, he has a judgment recognizing his entitlement to benefits as a result of total and permanent disability caused by the work-related accident. Therefore, his current action is a request for modification of the prior judgment, on which the WCJ retains jurisdiction under LSA-R.S. 23:1310.8 and prescription does not run.[3]
^Louisiana Revised Statute 23:1310.8 states, in pertinent part:
A. (1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified
[[Image here]]
[[Image here]]
B. Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
[[Image here]]
D. A petition to modify a judgment awarding benefits shall be subject to the *133 prescriptive limitations established in R.S. 2S:1209.[4]
Hammons argues that the 1999 amendment to this statute, which applies the prescriptive periods of section 1209 to judgments awarding benefits, cannot be applied retroactively to his case, because he had a judgment that became a vested property right in 1995, citing Falgout v. Dealers Truck Equip. Co., 98-3150 (La.10/19/99), 748 So.2d 399, 407-08. In the Falgout case, the court observed that the concept of modification of a judgment is unique to the workers’ compensation scheme, because it allows a case to be reopened and the award amended after the judgment becomes final. The court further stated that retroactive application of subsection D of LSA-R.S. 23:1310.8 would divest the claimant of his vested property right to file a claim for modification of his compensation award. Therefore, the court stated that for a claimant whose judgment could otherwise be modified under the statute, the amendment was to be applied prospectively only. Falgout, 748 So.2d at 405 and 408; see also Williams v. BET Const., Inc., 00-1765 (La.App. 1st Cir.11/9/01), 818 So.2d 21, 25.
We agree with Hammons that the Falgout case controls the application of subsection D of section 1310.8 to his judgment, which became final in 1995.[5] Therefore, if his judgment were subject to modification under either subsection A or B of section 1310.8, the limitation added in subsection D could not be applied to deprive him of his vested right to modification. The WCJ concluded in this case that section |s1310.8 limited the modification of a prior judgment to changes in indemnity benefits only and did not apply to medical benefits. We agree with this analysis as .to subsection B of the statute, which uses the word “compensation” in discussing the WCJ’s authority to end, diminish, or increase a prior award. However, we believe the provisions of subsection A of the statute are broader in scope, allowing the WCJ to make any justifiable modifications or changes with respect to former findings or orders relating to the case.
Hammons’ disability judgment in this case did not mention medical benefits, because at the time the judgment was rendered, ABB was paying all of his medical bills as they were incurred, pursuant to LSA-R.S. 23:1201(E) and 1203, and these were not at issue. Moreover, because an employer’s liability to an employee for medical expenses arises only as the medical expenses are incurred, a workers’ compensation claimant is not entitled to an award for future medical expenses. Spencer v. Gaylord Container Corp., 96-1230 (La.App. 1st Cir.3/27/97), 693 So.2d 818, 824., Therefore, the disability judgment could not have made an award for future medical expenses resulting from Hammons’ work-related injuries. However, that judgment determined that Hammons was totally and permanently disabled as a result of his work-related injury, thus putting ABB on notice that medical bills related to his condition could continue indefinitely. Hammons’ entitlement to continuing benefits has already been adjudicated, and since medical bills are only paid as they accrue, ABB does not need protection from stale claims or loss of relevant proof. We conclude that since Hammons has now put the payment of those bills at issue, the WCJ has authority under subsection A to modify the earlier judgment and can order ABB to pay the medical bills *134 for the knee replacement procedure if Hammons establishes that this procedure is directly related to his condition as a result of his job injuries.[6]
| ^CONCLUSION
For the above reasons, the judgment dismissing Hammons’ claim for medical benefits is reversed, and the matter is remanded to the WCJ for further proceedings. All costs of this appeal are assessed against ABB.
REVERSED AND REMANDED.

. Judges Carter, Whipple, Parro, and Red-mann dissented as to the interpretation of LSA-R.S 23:1201.3(A) concerning computation of interest on the weekly benefits installments. The provision has since been amended to clearly reflect the dissenting judges' position that interest should be computed from the date compensation was due, rather than from the date compensation was "ordered paid by the hearing officer.” 1997 La. Acts, No. 52, § 1.

. At the hearing in this matter, his attorney commented that Hammons’ medical treatments after June 1998 were apparently billed to and paid by Medicare, rather than ABB or its insurer. A similar situation was alleged in Stroud v. Morrison Nursery, 04-1610 (La.App. 3rd Cir.4/6/05), 899 So.2d 840.

. Hammons also urges this court to broadly interpret section 1209(C) as applicable only to those claims for medical expenses for which the claimant does not have a prior judgment, regardless of whether the modification provisions of section 1310.8 are applicable. Because we decide this case by applying the provisions of the modification statute to Ham-mons’ judgment, we pretermit discussion of this argument.

. Subsection D was added by a 1999 amendment. See 1999 La. Acts, No. 323, § 1.

. The WCJ also recognized that subsection D could not be applied retroactively to the 1995 judgment.

. Compare Avdoyan v. Covington Country Club, 02-1025 (La.App. 1st Cir.5/28/03), 844 So.2d 277 (Because there was no prior judgment, no award existed which could be subject to modification pursuant to section 1310.8. Therefore, the prescriptive period established by section 1209(C) was applicable to the claim.)