MOORE, J,
dissents.
| ,The majority correctly states that workers’ compensation judgments “are treated differently from ordinary judgments.” Falgout v. Truck Dealers Equip. Co., 98-3150 (La.10/19/99), 748 So.2d 399, 405. However, Falgout provides no authority for what happened here: the WCJ granted a new trial from an interlocutory ruling that denied Slade’s motion for summary judgment. The proper remedy would have been for Slade to seek supervisory review, even in the Office of Workers’ Compensation. Moreover, Falgout carefully explains that the WCJ’s power to modify a prior ruling “exists for the pur *471 pose of modifying awards due to a change in the workers’ condition.” Id., citing Jackson v. Iberia Parish Gov’t, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524. Plainly, no change in Slade’s condition was shown after the WCJ denied his motion for summary judgment. I would not find that the WCJ’s belated change of mind qualifies as a change in the worker’s condition that warrants circumventing the normal appellate process.
More importantly, I would not find on de novo review that Slade’s showing eliminated every genuine issue of material fact. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Property Ins. Ass’n of La. v. Theriot, 2009-1152 (La.3/16/10), 31 So.3d 1012. To obtain an award of SEB, the claimant must prove an “injury resulting in the employee’s inability to earn wages equal to” 90% of his pre-injury wage. La. R.S. 23:1221(3)(a). The claimant must show what he “is |2earning or is able to earn.” Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1008 (La.1989). Slade’s own Form 1020s showed that in the 20-month period between January 2009 and August 2010, he earned over 90% of his pre-injury wage three months (March, April and May 2009). This fact undermines the claim that he cannot earn 90% of his pre-injury wage; he obviously can, and has, done so on several occasions. In her initial ruling, the WCJ questioned whether the work-related injury, or some other cause, may have led to this drop in earnings nearly three years post-accident. Far from mere speculation, this is a realistic assessment of the summary judgment evidence.
For these reasons, I would reverse this judgment and remand for further proceedings.