COOKS, J.,
dissenting.
|,I respectfully dissent from the majority opinion. I disagree that the termination of Claimant’s benefits for the failure to see Dr. Strother was not an appealable issue. In this case, Claimant’s weekly compensation benefits were terminated by G-Force for the sole reason that Claimant did not appear for an examination with Dr.. Strother. In response, Claimant filed a motion to terminate G-Force’s termination of benefits. That motion was denied, which allowed G-Force to continue not paying benefits to Claimant. I agree with Claimant that this is essentially a money judgment against him, and a properly appealable judgment. Moreover, it is important to note that workers’ compensation judgments are treated differently from ordinary judgments. WCJ’s maintain continuing jurisdiction over cases before them, allowing cases to be reopened and an award amended even after a judgment becomes final. Falgout v. Dealers Truck Equip. Co., 98-3150 (La.10/19/99), 748 *747 So.2d 399. Thus, if the rules of finality that govern ordinary civil judgments are applied to workers’ compensation judgments, the flexibility of the workers’ compensation scheme of recovery would be greatly restricted. Falgout, 748 So.2d 399; Critser v. Dillard’s Dep’t Stores, Inc., 99-3113 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, writ denied, 01-753 (La.5/4/01), 791 So.2d 659. Thus, I find the appeal in this case is proper. Even if the ruling is deemed interlocutory, the remedial underpinnings of the Workers’ Compensation Act demands that we 1 ¡.exercise our supervisory jurisdiction to prevent procedural delays in fixing benefits and resolving entitlement disputes.
I also find there was a legitimate dispute (regardless of how it may eventually be decided) as to who had the right to choose the psychological evaluation examiner. This dispute should have been decided by the WCJ, before any decision to terminate benefits was made. Simply put, G-Force did not have the right to terminate benefits prior to the WCJ’s ruling on the issue of which party could select the doctor who would conduct the initial psychological evaluation. Thus, the termination of benefits by G-Force was premature and I would reverse the denial of Claimant’s Motion to Lift the Suspension of Benefits and order all back benefits paid, as well as assess penalties and attorney fees for the improper termination of benefits by G-Force. For these reasons, I dissent.