GUIDRY, J.
 

 |2The acknowledged father of a child born out-of-wedlock appeals a judgment of the trial court dismissing his petition to revoke a formal acknowledgment of paternity executed shortly after the child was born. For the following reasons, we reverse.
 

 FACTS AND PROCEDURAL HISTORY
 

 On or about November 1, 2005, MD
 
 [1]
 
 executed an acknowledgment of paternity
 
 [2]
 
 for MKD, born on October 2, 2005, to AC. In 2007, proceedings were instituted by the State of Louisiana, Department of Social Services, on behalf of AC, through the District Attorney’s Office for the 21st Judicial District Court, to collect payments from MD for the support of MKD. The trial court signed a consent judgment stipulating to the amount of MD’s child support obligation on May 14,2008.
 

 A little over a year later, on July 7, 2009, MD filed a petition to disavow paternity of MKD, wherein he requested that a rule to show cause be issued, ordering the parties to submit blood and tissue samples for genetic testing and that a judgment be rendered, decreeing that he was not the father of MKD. In response, the State of Louisiana, Department of Social Services, Support Enforcement Services (SES), filed exceptions raising several objections to MD’s petition, including unauthorized use of summary proceedings, no cause of action, and prescription. Prior to a hearing on the exceptions, and partially in response to the exceptions filed, MD amended his petition to change his disavowal action to an paction to revoke the acknowl-edgement of paternity.
 
 [3]
 
 A peremptory exception objecting to the amended petition on the basis of no right of action was then filed on behalf of AC by the District Attorney’s Office for the 21st Judicial District. Thereafter, the trial court issued an interim judgment ordering the parties to submit to DNA testing to determine the pa
 
 *161
 
 ternity of MKD. The trial court continued the hearing on the exceptions and MD’s request to revoke the acknowledgment of paternity without date, pending the results of the DNA test.
 

 The results of the DNA test revealed that MD could not “be the biological father of [MKD], since he and the child do not share necessary paternal markers in multiple genetic systems.” Thus, the probability of paternity was reported as 0.00%. MD then moved to have the hearing on the exceptions and his request to revoke the acknowledgement of paternity reset. Before the hearing could be held, however, SES filed a motion to withdraw from the proceedings, asserting that “the State should not be a party” to MD’s petition to revoke the acknowledgment of paternity. The trial court did not act on the motion; however, an unsigned, handwritten notation appears on the pleading, stating, “[t]he State is an indispensable party. Either SES or DA’s Office must represent custodial parent.” Nevertheless, on the date of the hearing, AC appeared without counsel, and MD, who had been deployed to Iraq, waived his appearance and was represented by counsel. After hearing statements from MD’s counsel and brief testimony from AC, the trial court denied MD’s request to revoke the acknowledgment of paternity. By a final judgment signed November 18, 2010, the trial court dismissed |4MD’s action to revoke his ac-knowledgement of paternity as being prescribed. It is from this judgment that MD appeals.
 
 [4]
 

 DISCUSSION
 

 The sole question presented in MD’s appeal is whether the trial court legally erred in retroactively applying La. R.S. 9:406, as amended by 2008 La. Acts, No. 533, § 1, to divest him of the right to revoke his acknowledgement of paternity of MKD.
 

 Article 196 of the Louisiana Civil Code, added by 2005 La. Acts, No. 192, § 1, and effective as of June 29, 2005, provides that “[a] man may, by authentic act or by signing the birth certificate, acknowledge a child not filiated to another man. The acknowledgment creates a presumption that the man who acknowledges the child is the father.” Moreover, at the time MD executed the acknowledgment of paternity, La. R.S. 9:392(A), outlining the content and requirements for an acknowledgment of paternity, provided, in pertinent part:
 

 (7)(a) A party who executed a notarial act of acknowledgment may rescind the act, without cause, before the earlier of the following:
 

 (i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of rescinding the acknowledgment.
 

 (ii) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment is a party to the proceeding.
 

 (b) Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact,
 
 or that the father is not the biological father.
 

 (8) All parties to the action have any other rights and responsibilities which
 
 *162
 
 may be afforded by law now or in the future. [Emphasis added.]
 

 |5No time limitation was provided in the statute for filing an action to revoke an acknowledgment of paternity based on the causes listed in La. R.S. 9:392(A)(7)(b).
 
 [5]
 

 In 2006, the Louisiana Legislature enacted La. R.S. 9:406, which became effective on June 13, 2006, to provide:
 

 A. A person who executed an authentic act of acknowledgment may, without cause, revoke it before the earlier of:
 

 (1) Sixty days of the signing of the authentic act of acknowledgment in a judicial hearing for the limited purpose of revoking the acknowledgment or declaration.
 

 (2) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the authentic act of acknowledgment is a party to the proceeding.
 

 B.
 
 At any time,
 
 a person who executed an authentic act of acknowledgment may petition the court to rescind such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error,
 
 or that the person is not the biological parent of the child.
 

 C. Except for good cause shown, the court shall not suspend during the pen-dency of this proceeding any legal obligations, including a support obligation, of the person who petitions the court to revoke or rescind the authentic act of acknowledgment under this Section. [Emphasis added.]
 

 |fiIt was not until 2008, when the legislature amended La. R.S. 9:406, that a prescriptive limit was imposed for filing an action to revoke an authentic act of acknowledgment of paternity. Pursuant to the amended statute, a man must “institute [a] proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity” to prove by clear and convincing evidence one of the causes listed in La. R.S. 9:406(B)(1)
 
 [6]
 
 as grounds for revoking the acknowledgment of paternity.
 

 MD, who is not the biological father of MKD, executed an acknowledgment of paternity of MKD in November 2005; therefore, upon executing the acknowledgment of paternity, he acquired the right to revoke the acknowledgment pursuant to La.
 
 *163
 
 R.S. 9:392(A)(7)(b). At the time he acquired the right, no prescriptive time limitation existed for filing the action to revoke when the revocation was based on the fact that the movant was not the biological father. It was not until 2008, when La. R.S. 9:406 was amended, that the legislature created a prescriptive period limiting the time in which an action to revoke an acknowledgment of paternity could be filed. Thus, in order to find MD’s petition to revoke the acknowledgment of paternity prescribed, the trial court had to retroactively apply the amended version of La. R.S. 9:406.
 

 No statute is retroactive unless it is expressly so stated.
 
 See
 
 La. R.S. 1:2. However, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws, which will be given retroactive effect in the absence of language showing a contrary intention.
 
 See
 
 La. C.C. art. 6. The legislation amending La. R.S. 9:406 contains no language expressly authorizing or limiting the retroactive application of its provisions. Therefore, since prescriptive limitations are remedial in nature and are usually 17treated as procedural, they are generally accorded retroactive application.
 
 Falgout v. Dealers Truck Equipment Co.,
 
 98-3150, p. 11 (La.10/19/99), 748 So.2d 399, 407;
 
 Lott v. Haley,
 
 370 So.2d 521, 523 (La.1979)., Yet, even procedural laws are not accorded retroactive effect when such retroactivity would operate to unconstitutionally’ disturb vested rights.
 
 Cheron v. LCS Corrections Services, Inc.,
 
 04-0703, p. 12 (La.1/19/05), 891 So.2d 1250,1258.
 

 When a party acquires a right, either to sue on a cause of action or to defend himself against one, that right becomes a vested property right and is protected by the due process guarantees of the state and federal constitutions. However, a newly-created statute of prescription that shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right, provided it allows a reasonable time for those affected by the act to assert their rights.
 
 Falg-out,
 
 98-3150 at 12, 748 So.2d at 407-08. Even if there had been an existing period of limitation in this statute, the amendment of La. R.S. 9:406 did not provide a reasonable time for those affected to assert their rights following its enactment.
 

 MD executed the acknowledgment of paternity in November 2005. Retroactive application of the amended version of La. R.S. 9:406 would result in a finding that MD’s right to revoke the acknowledgment of paternity had been prescribed as of November 2007, almost a year prior to the enactment of the amendment to La. R.S. 9:406.
 
 [7]
 
 Thus, to retroactively apply the amended version of La. R.S. 9:406 to MD’s right of action to revoke, in the absence of any provision allowing him a reasonable time to assert his rights, would essentially divest MD of the vested right he had acquired and violate his constitutional rights. Accordingly, |Rthe 2008 amendment of La. R.S. 9:406, imposing a prescriptive limit on his right of action to revoke an acknowledgment of paternity, can only apply prospectively.
 

 CONCLUSION
 

 For the foregoing reasons, we hold that the 2008 amendment of La. R.S. 9:406 can only be given prospective application, and therefore, we reverse the judgment of the trial court dismissing MD’s petition based
 
 *164
 
 on prescription. We remand this matter to the trial court for further proceedings consistent -with this opinion. All costs of this appeal in the amount of $840.50 are charged to the State of Louisiana, Department of Social Services, Support Enforcement Services.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . In the interests of privacy, we have used the initials of the parties involved in this matter. See Uniform Rules-Courts of Appeal, Rules 5-1 and 5-2.
 

 [2]
 

 .The record before us does not contain a copy of the acknowledgment of paternity executed by MD, but all of the parties admit that such an act was executed by MD on or about November 1, 2005.
 

 [3]
 

 .Although SES was not specifically cited as a party in MD’s petitions, SES filed several exceptions objecting to MD’s petition to disavow paternity. Later, after amending the original petition, MD served the agency with both the original and amended petitions.
 

 [4]
 

 . By a rule to show cause issued October 28, 2010, this court ordered the parties to show cause by briefs why the appeal should not be dismissed, as it appeared that the original judgment signed by the trial court on March 18, 2010, was defective because it lacked appropriate judgment (decretal) language as required by La. C.C.P. arts. 1911 and 1918. The appellate record was then supplemented with a reformed judgment containing proper judgment language. As a result, the appeal was maintained.
 

 [5]
 

 . The current version of La. R.S. 9:392(A)(7) and (8) now provides:
 

 (7)(a) An alleged father who executed an authentic act of acknowledgment may revoke the act, without cause, before the earlier of the following:
 

 (i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of revoking the acknowledgment.
 

 (ii) A judicial hearing relating to the child, including a child support proceeding, wherein the alleged father who executed the authentic act of acknowledgment is a party to the proceeding.
 

 (b) Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact, or error, or that the alleged father who executed the authentic act of acknowledgment is not the biological father.
 

 (c) Except for good cause shown, the court shall not suspend any legal responsibilities or obligations, including a support obligation, of the party or parties during the pendency of the proceeding authorized in this Section.
 

 (8) All parties to the action have any other rights and responsibilities which may be afforded by law now or in the future.
 

 [6]
 

 . The causes listed in the current version of La. R.S. 9:406(B)(1) are the same as those provided in La. R.S. 9:406(B) prior to amendment.
 

 [7]
 

 . The legislation amending La. R.S. 9:406, 2008 La. Acts, No. 533, § 1, did not provide a specific effective date; therefore, the effective date of the amendment was August 15, 2008.
 
 See
 
 La. Const, art. Ill, § 19.