PARRO, J.
12Appellant challenges a judgment of the trial court that nullified an act of acknowledgment of paternity executed by the plaintiff, as well as a judgment of the trial court that overruled the peremptory exception pleading the objection of prescription filed by the appellant. For the reasons that follow, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
James P. Bruce and Antoinette St. Pierre Bruce were married on February 15, 2003. No children were born during this marriage. However, on November 12, 2004, James signed an authentic act before a notary public and two witnesses declaring that he was the biological father of S.J.B.,[2] the minor child born to Antoinette on September 6, 2001.
Thereafter, on March 29, 2012, James filed a petition for divorce, in which he further sought to nullify or revoke the act of acknowledgment of paternity he had signed with regard to S.J.B. In this petition, James alleged that he believed that S.J.B. was not his biological child and that he had been induced to sign the act of acknowledgment of paternity by fraud, duress, or material mistake of fact. James further requested that paternity testing be performed in order to determine whether he was the biological father of S.J.B. The paternity test ultimately revealed that James was not, in fact, the biological father of S.J.B.
In response, Antoinette filed a peremptory exception pleading the objection of prescription. In her exception, Antoinette argued, among other things, that James *798 could not maintain his action to revoke the act of acknowledgment of paternity, because he had not filed it within the two-year period provided by LSA-R.S. 9:406. James countered that LSA-R.S. 9:406 was inapplicable to this matter and that, because he was not the biological father of S.J.B., the act of acknowledgment was an absolute nullity, which prevented the ^application of any prescriptive period to this matter.
After a hearing, the trial court determined that LSA-R.S. 9:406 was not applicable to the act of acknowledgment of paternity signed by James in this matter; therefore, the trial court overruled the exception of prescription filed by Antoinette. In addition, because the paternity test had proven that James was not the biological father of S.J.B., the trial court nullified the act of acknowledgment of paternity filed by James and declared James not to be the father of S.J.B. The trial court signed two separate judgments in accordance with these rulings.[3] Antoinette has appealed both judgments.[4]
DISCUSSION
On appeal, Antoinette has assigned several errors for this court’s review. However, the primary issue before this court is whether the trial court legally erred in determining that LSA-R.S. 9:406, as amended by 2008 La. Acts, No. 533, § 1, was not applicable to the act of acknowledgment of paternity signed by James in this matter.
James signed the act of acknowledgment of paternity in this matter on November 12, 2004. At that time and prior to the enactment of LSA-R.S. 9:406, LSA-R.S. 9:392 provided, in pertinent part:
A. Prior to the execution of a declaration of acknowledgment pursuant to Civil Code Article 203, the notary shall provide in writing, and orally or by directing them to video or audio presentations, the party or parties making the declaration of the following:
* ⅝ ⅜
(7)(a) A party who executed a notarial act of acknowledgment may rescind the act, without cause, before the earlier of the following:
(i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of rescinding the acknowledgment.
|4(ii)A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment is a party to the proceeding.
(b)Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact, or that the father is not the biological father.
(8) All parties to the action have any other rights and responsibilities which may be afforded by law now or in the future.
No time limitation for filing an action to revoke an acknowledgment of paternity for the reasons enumerated in LSA-R.S. 9:392(A)(7)(b) was provided in the statute.[5]
*799 By 2006 La. Acts, No. 344, § 4, the legislature enacted LSA-R.S. 9:406, which became effective on June 13, 2006, and provided:
A. A person who executed an authentic act of acknowledgment may, without cause, revoke it before the earlier of:
(1) Sixty days of the signing of the authentic act of acknowledgment in a judicial hearing for the limited purpose of revoking the acknowledgment or declaration.
(2) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the authentic act of acknowledgment is a party to the proceeding.
B. At any time, a person who executed an authentic act of acknowledgment may petition the court to rescind such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.
C. Except for good cause shown, the court shall not suspend during the pen-dency of this proceeding any legal obligations, including a support obligation, of the person who petitions the court to revoke or rescind the authentic act of acknowledgment under this Section. (Emphasis added.)
As demonstrated by the emphasized language above, LSA-R.S. 9:406, as originally enacted, also failed to provide a time limitation within which a petition to rescind an act of acknowledgment could be filed when, as in this Lease, the person filing was not the biological parent of the child. In fact, the statute specifically authorizes such petitions to be filed “at any time.”
However, pursuant to 2008 La. Acts, No. 533, § 1, the legislature amended LSA-R.S. 9:406 to establish a prescriptive period for filing an action to revoke an authentic act of acknowledgment of paternity. As amended, LSA-R.S. 9:406 provided, in pertinent part:
B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to revoke such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.
(2) The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties including the office of family support, support enforcement services of the Department of Social Services. If the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, material mistake of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, the court shall order genetic tests pursuant to R.S. 9:396. Nothing herein shall preclude the mover from presenting any other evidence as a substitute for the genetic tests if it is not possible *800 to conduct such tests. (Emphasis added.)
Thus, pursuant to that amended version of LSA-R.S. 9:406, a person seeking to revoke a notarial act of acknowledgment must institute the proceeding to revoke within two years of the date of the execution of the authentic act of acknowledgment of paternity.
In State ex rel. AC v. MD, 10-1799 (La.App. 1st Cir. 6/17/11), 70 So.3d 159, 163, this court determined that LSA-R.S. 9:406 could only apply prospectively, because to do otherwise would divest a party of a vested property right in violation of the due process guarantees of the state and federal constitutions. In that case, MD had executed an authentic act of | (¡acknowledgment of paternity of MKD in 2005; however, he was apparently not the biological father of MKD. When he executed the authentic act of acknowledgment of paternity, he acquired the right to revoke the acknowledgment pursuant to LSA-R.S. 9:392(A)(7)(b), which did not establish a time limitation on this right to revoke, because MD was not the biological father of MKD. This court noted that the legislature amended LSA-R.S. 9:406 in 2008 to establish a two-year prescriptive period on filing actions to revoke authentic acts of acknowledgment of paternity; however, the statute did not provide a reasonable time for those who had executed authentic acts of acknowledgment prior to this amendment to assert their rights following its enactment. State ex rel. AC v. MD, 70 So.3d at 162-63.
Because MD had executed his act of acknowledgment of paternity in 2005, this court determined that retroactive application of LSA-R.S. 9:406, as amended in 2008, would have resulted in a finding that MD’s right to revoke the act of acknowledgment of paternity had prescribed in 2007, approximately one year prior to the enactment of the relevant amendment to LSA-R.S. 9:406. This court further concluded that, to retroactively apply the amended version of LSA-R.S. 9:406 to MD’s right to file an action to revoke, in the absence of any provision allowing him a reasonable time to assert his rights, would essentially divest MD of the vested right he had acquired and would violate his constitutional rights. Accordingly, this court concluded that the 2008 amendment, which imposed a two-year prescriptive limit on a party’s right of action to revoke an acknowledgment of paternity, could only apply prospectively. State ex rel. AC v. MD, 70 So.3d at 163.
Likewise, in the case currently before this court, James signed his act of acknowledgment of paternity in November 2004, and pursuant to LSA-R.S. 9:392(A)(7)(b), he acquired the right to revoke the act of acknowledgment of |7paternity, without any time limitation, as long as certain conditions were met.[6] Because James was later determined not to be the father of S.J.B., he met the conditions imposed by LSA-R.S. 9:392(A)(7)(b).
As previously noted, the legislature amended LSA-R.S. 9:406 in 2008 to provide for a prescriptive period within which the action to revoke the act of acknowledgment of paternity had to be filed. According to the amendment, such actions must be filed within two years of the date of the execution of the act of acknowledgment of paternity. In this case, since James signed his act of acknowledgment of pater- *801 nity in 2004, a retroactive application of LSA-R.S. 9:406, as amended in 2008, would have resulted in a finding that James’s right to revoke the act of acknowledgment of paternity had prescribed in 2006, which was two years prior to the enactment of the amendment that established the time limitation. As in State ex rel. AC v. MD, such a retroactive application of the statute, in the absence of any provision allowing him a reasonable time to assert his rights, would essentially divest James of the vested right he had acquired and would violate his constitutional rights.
Antoinette does not truly dispute that the statute should only be applied prospectively. Nevertheless, she contends that James should have filed his action earlier than he did.[7] According to Antoinette, James should have filed his action to revoke within two years of the effective date of the amendment to LSA-R.S. 9:406.[8] She notes that while the court in State ex rel. AC v. MD only applied the statute prospectively, MP filed his action to revoke on July 7, 2009, which was approximately one year after the effective date of the amendment to the statute. Thus, she concludes that MP’s action was timely, unlike James’s.
|8A plain reading of LSA-R.S. 9:406, as amended in 2008, establishes that the two-year period within which the action to revoke must be filed begins to run only from the date of the execution of the authentic act of acknowledgment of paternity. The statute does not provide any alternative date from which the two-year period can begin to run, such as the date of its enactment or the date it became effective, as Antoinette contends. Furthermore, it does not grant those persons, who signed acts of acknowledgment prior to the enactment of the amendment, a reasonable time within which to assert their rights. Accordingly, we find no error in the trial court’s finding that LSA-R.S. 9:406 does not apply to this matter. We further find no error in the trial court’s judgments overruling the exception of prescription and nullifying the authentic act of acknowledgment.
CONCLUSION
For the foregoing reasons, we affirm the judgments of the trial court. All costs of this appeal are assessed to the appellant, Antoinette St. Pierre Bruce.
AFFIRMED.

. The initials of the minor child, as his name appeared on the original birth certificate, were "S.J.K.”

. The first judgment declared the nullity of the act of acknowledgment of paternity, and the second judgment merely dismissed the exception of prescription.

. S.J.B. originally filed notice that he was also appealing the judgments; however, he apparently failed to follow through with the appeal, even though he filed an appellate brief in which he adopted the assignment of errors and argument of Antoinette.

.The current version of LSA-R.S. 9:392 also fails to provide a prescriptive period for filing an action to revoke an acknowledgment of *799 paternity based on the causes listed in subpar-agraph (A)(7).

. As noted previously, at the time James signed his act of acknowledgment, LSA-R.S. 9:392(A)(7)(b) authorized an act of acknowledgment to be voided upon clear and convincing proof of fraud, duress, or material mistake of fact, or that the father was not the biological father.

. James filed his action to revoke on March 29, 2012.

. 2008 La. Acts, No. 533, § 1, which amended LSA-R.S. 9:406, did not provide a specific effective date for its changes to take effect; therefore, pursuant to the version of LSA-Const. Art. Ill, § 19, in effect in 2008, the amendment became effective on August 15, 2008.