WHIPPLE, C.J.
|2The State of Louisiana (“State”) appeals a trial court judgment, which granted plaiñtiff/appellée Corey Webb’s motion to nullify an authentic act of acknowledge *240 ment of paternity, through which he previously acknowledged himself to be the father of a child born to defendant/appellee, Ebony Brown (“Brown”). For the following reasons, we find that Webb’s action to nullify his authentic act acknowledging paternity is untimely, as it was filed more than two years after the peremptive deadline in LSA-R.S. 9:406(B)(2). Accordingly, we reverse the trial court’s judgment, dismiss Webb’s motion with prejudice, and remand with instructions.
FACTS AND PROCEDURAL HISTORY
On October 19, 2010, Z.W. was born.[1] On October 20, 2010, Corey Webb[2] (‘Webb”) executed an in-hospital acknowl-edgement of paternity, which resulted in his name being placed as the father on Z.W.’s birth certificate. More than four years later, on December 30, 2014, these civil proceedings commenced when Webb filed a “Motion to Set Rule for Disavowal of Paternity,” contending that although he once believed he was Z.W.’s father, he now has cause to believe the contrary. The civil “motion,” which resulted in the judgment on review in the instant appeal, was allotted to Division “H” of the Sixteenth Judicial District Court and assigned for a hearing and conference before a hearing officer.
However, prior to the filing of the instant civil “motion” by Webb on August 26, 2011, The State of Louisiana, Department of Children and RFamily Services had instituted criminal non-support proceedings against Webb for criminal neglect of family and sought to establish child support and medical support. See State v. Webb, No.2011 NS 1939 on the docket of the Sixteenth Judicial District Court.[3] As a result of the expedited child support proceedings held in that matter, by judgment dated February 22, 2012, Webb was initially ordered therein to obtain medical insurance for the child and to provide a payor designation. Thereafter, the State filed a motion in the non-support proceedings, on November 14, 2012, seeking modification of the prior order and to fix the amount of Webb’s child support obligation. On January 27, 2015, Webb was ordered to pay $1,106.00 in monthly child support for Z.W. In response to the hearing officer’s proposed judgment, Webb filed an “Objection” in the non-support proceedings.
Webb also separately commenced the instant civil proceedings by the filing of the aforesaid “Motion to Set Rule for Disavowal of Paternity.” This civil “Motion” (in actuality, a summary proceeding requesting that the matter be heard by rule to show cause) was allotted to the same division of the Sixteenth Judicial District Court and was likewise set for a mandatory conference before the same hearing officer.
The hearing officer conference concerning Webb’s “Motion” in these proceedings took place on February 2, 2015, which resulted in the hearing officer rendering *241 various, findings, including the identification of several critical procedural defects, namely: (1) that Webb’s motion was filed as a ^summary proceeding, but should have been filed by ordinary process pursuant to LSA-R-S. 9:406(B)(2);[4] (2) that revocation or nullification of Webb’s ac-knowledgement, rather than a motion or action for disavowal of paternity, was the appropriate action Webb should have filed; and (3) that, because Webb’s motion was filed more than four years after he acknowledged Z.W., his cause of action was perempted pursuant to LSA-R.S. 9:406(B)(2). After noting these defects and specifically recognizing that there was a pending IV-D support rule regarding this child and these parties, the hearing officer rendered a conference report and proposed judgment ordering that the motion be dismissed with prejudice and at Webb’s costs.
On the same day, ie., February 2, 2015, a consent judgment was signed by another district judge, wherein Webb and Brown agreed to submit themselves and the child to DNA testing to determine whether Webb was Z.W.’s father “without the need for a hearing ordering same” and “in order to expedite the issues in this matter.” Following this DNA testing, Webb next filed an “Objection” to the Hearing Officer Recommendations, asserting that according to the DNA testing, he was not Z.W.’s biological father “despite him signing the birth certificate.”
Subsequent to the filing of this “Objection,” Webb also filed a “Motion to Nullify Acknowledgment,” wherein he alleged:
A couple of years later, [he] learned that [Z.W.] may not be his child and confronted [Brown] about it, as she continually stated that he was the only man with whom she had sexual relations during the period of time that the child was conceived. [Brown] continued to deceive [Webb] until he did a DNA test. At that time, [Brown] then stated that [another named individual] is the father if [Webb] is not the father.
|fiOn April 15, 2015, the trial court held a hearing on Webb’s “Motion for Disavowal of Paternity,” wherein the court stated, “according to DNA testing, [Webb] has a 0% probability of being the father of [Z.W.].” The trial court then reversed the hearing officer’s findings and recommendations, and granted Webb’s “Motion to Disavow Paternity.” A final written judgment was signed on August 18, 2015, decreeing that Webb was not the biological father of the child, and ordering that the Department of Vital Records remove his name from Z.W.’s birth record and that the'child’s name be changed from Z.W. to Z.B. (the mother’s last name). The State of Louisiana then filed the instant appeal of the trial court’s August 18, 2015 judgment granting Webb’s “Motion for Disavowal of Paternity.”[5]
In the instant appeal, the State[6] assigns the following as error by the trial court:
*242 The trial court erred in rejecting the recommendation of the hearing officer that Webb failed to timely file the proper pleadings to contest his acknowledgement of paternity[,] and in rejecting the recommendations of the hearing officer that he pay [$1,106.00] in monthly child support. -
^DISCUSSION
 Despite the unusual procedural posture of this case, the essential facts are not in dispute; instead, the issue in this appeal concerns a question of law. The scope of appellate review for an issue of law is simply to determine whether the trial court’s interpretative decision is legally correct. Furthermore, if the trial court’s decision is based on an erroneous application of law rather, than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Voisin v. International Companies & Consulting, Inc., 2005-0265 (La.App. 1st Cir.2/10/06), 924 So.2d 277, 279, writ denied. 2006-1019 (La.6/30/06), 933 So.2d 132.
Louisiana Civil Code article 196 provides, in pertinent part, that “[a] man may, by authentic -act or by signing the birth certificate, acknowledge a child not filiated to another man. ' The acknowledgment creates a presumption that the' man who acknowledges the child is the father.” Moreover, .an acknowledgment of paternity by an authentic act is deemed to be a legal finding of paternity and is sufficient to establish an obligation to support the child and to establish visitation without the necessity of obtaining a judgment of paternity. -See LSA-R.S. 9:405. Furthermore, LSA-R.S. 9:406, in pertinent part, establishes a peremptive period for filing an action to revoke an authentic act of acknowledgment of paternity, as follows:
B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the' court to revoke such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that. the person is not the biological parent of the child.
|7(2) The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties including the office of family support, support enforcement services of the Department of Social Services. If the court .finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, material mistake of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the’ .biological father, then, and only then, the court shall order genetic tests pursuant to [LSA-R.S.] 9:396. Nothing herein shall preclude the mover from presenting any other evidence as a substitute for the genetic tests if it is not possible to conduct such tests. (Emphasis added).
*243 Thus, pursuant to the express terms of LSA-R.S. 9:4Q6(B)(2), a person seeking to revoke a notarial act of acknowledgment must institute the proceeding to revoke within two years of the date of the execution of the authentic act of acknowledgment of paternity. Bruce v. Bruce, 2012-1748 (La.App. 1st Cir.8/9/13), 136 So.3d 796, 800; see also State ex rel. AC v. MD, 2010-1799 (La.App. 1st Cir.6/17/11), 70 So.3d 159, 162. Furthermore, LSA-R.S. 9:406(B) does not provide any alternative date from which the two.year period can begin to run. Bruce, 136 So.3d at 801.[7]
| a As recognized by the hearing officer, even pretermitting Webb’s improper use of a summary proceeding and his failure to comply with the statutory requirements applicable to a proceeding to revoke an acknowledgement of paternity, it is clear from the record that Webb undisput-edly executed his notarial act of acknowledgment on October 20, 2010, yet did not institute any proceeding to revoke this acknowledgment until December 30, 2014. Thus, pursuant to the two-year statutory period set forth in LSA-R.S. 9:406(B)(2), Webb’s action’to annul his authentic act acknowledging paternity was clearly untimely and perempted, and the trial court erred in failing to so find.
In sum, the trial court erred as a matter of law in setting aside as invalid the act of acknowledgement of paternity and in failing to recognize the legal effects that arise therefrom. The act of acknowledgement satisfied all the legal requirements for validity when executed and remains in effect. As such, it is deemed to be a legal finding of paternity and thereby to be sufficient to establish Webb’s obligation to support Z.W. without the necessity of the State or Brown otherwise obtaining a judgment establishing his paternity.
We find merit to the assignment of error.
CONCLUSION
For the above and foregoing reasons, the trial court’s August 18, 2015 judgment, which decreed that Webb is not the biological father of Z.W. and ordered that the Department of Vital Records remove Webb’s name ■ from the birth record of Z.W. and change his name from Z.W. to Z.B., is hereby reversed and judgment is hereby rendered dismissing, with prejudice, Webb’s objection-and motion to revoke his authentic act of acknowledgement of his paternity of Z.W. All costs are assessed against [9plaintiff/appellee, Corey Webb. The matter is remanded with in *244 structions to the trial court to render the necessary orders to the Department of Vital Records and any other affected agencies to reinstate Webb’s name on Z.W.’s birth certificate as the father of Z.W. and further recognize Webb’s paternity of Z.B., and for further proceedings in accordance with the views expressed herein.
REVERSED, RENDERED, AND REMANDED.

. In the interest of privacy, we have used the initials of the parties and the minor child, involved in this matter. See Uniform Rules— Courts of Appeal, Rules 5-1 and 5-2.

. Although referenced in the pleadings herein as "Corey Webb,” it 'appears from the Ac-knowledgement of Paternity that the proper spelling of Mr. Webb’s name is actually "Cory Webb.”

.The judgment rendered in the criminal nonsupport proceedings is the subject of a separate appeal by the State, which appeal is pending before a different panel of this court in State v. Webb, 2015 CA 1593. Further, for convenience and clarity, we have included in our recitation of the procedural history herein the relevant procedural events from the related non-support proceedings, as derived from the record in the pending appeal therein.

. As the hearing officer recognized, LSA-R-S. 9:406(B)(2) provides, in pertinent part, that “[t]he mover shall institute [a proceeding to nullify an authentic act of acknowledging paternity] by ordinary process ...",

. As noted above, the State likewise filed a separate appeal from the trial court's judgment in the criminal non-support proceedings, also rendered on August 18, 201S, where the court therein granted Webb’s "appeal from and objection to a recommendation by the hearing officer” that he pay $1,106.00 in monthly child support “despite the fact that DNA testing shows that he is not the father of the child,” decreed that Webb is not the biological father of the child, and set aside the prior support order,

.We note that although Brown is the named defendant herein, the appeal on her behalf was filed by the State of Louisiana through the District Attorney's Office in the Sixteenth Judicial District Court. No objection on this *242 basis was filed by any party to this proceeding. . .We further note that the order of appeal rendered.herein granted the State's motion to include the transcripts of certain hearings and rulings, which resulted in the judgments rendered in the civil case and the non-support case. • .

. As this court noted in Bruce, 136 So.3d at 799-800, LSA-R.S; 9:406 was originally enacted by La. Acts 2006, No., 344 § 4, which became effective on June 13, 2006. As originally enacted, the statute did not provide a time limitation within which a petition to rescind an act of acknowledgment could be filed. However, pursuant to La. Acts 2008, No. 533, § 1, the Legislature amended LSA-R.S. 9:406 to establish a specific period for filing an action to revoke an authentic act of acknowledgment of paternity. Notwithstanding the comments in dicta in Bruce referring to this statutory period as prescriptive within its discussion of whether the 2008 amendment could be applied retroactively, we recognize that this statute, as amended, and in its present form, establishes a peremptive period, where a person seeking to revoke a notarial act of acknowledgment-must institute the proceeding to' revoke (and by Ordinary process) within two years of the date of the execution of the authentic ,act acknowledging paternity; Peremptive statutes generally create the right of action and stipulate the delay during which the right may be exercised. Matherne v. Broussard, 2006-0838 (La.App. 1st Cir.2/14/07), 959 So.2d 975, 979. Thus, this peremptive period may not be renounced, interrupted or suspended, and this court may raise peremption on its own. See LSA-C.C. arts. 3460 and 3461, and LSA-C.C.P. art. 927(B).